Houston Oil Company of Texas v. Village Mills Company.

No. 2963. Decided April 17, 1918.

**1.—Suit for Land—Waste—Injunction—Jurisdiction.**

A plaintiff in an action for land recovered judgment therefor and defendant appealed. Pending this appeal plaintiff obtained injunction restraining defendant from cutting timber on the land till the first action was determined. This was granted by a judge of the District Court of the same county but of a district other than the one in which the recovery appealed from was had. Held that the jurisdiction to issue same was conferred on such judge by article 4643, Rev. Stats. It was not a suit for nor one involving the title to the land in litigation; and its prosecution separately and in another court in no way interfered with the jurisdiction of the first district or of the appellate. court over such matters. (P. 171.)

**2.—Injunction—Waste—Title.**

In an action for injunction to restrain the defendant in a suit for the recovery of land from committing waste thereon during the pendency on appeal of that litigation, plaintiff was not required to allege or prove his title to the land, that not being in issue. It was sufficient to show that he had prosecuted suit for the land in good faith, had recovered judgment for it, and that defendant, while prosecuting appeal from that judgment, was threatening to commit waste. (Pp. 171, 172.)

**3.—Jurisdiction of Supreme Court—Injunction—Appeal From Interlocutory Order.**

The Supreme Court has jurisdiction to grant writ of error on the ruling of the Court of Civil Appeals in appeal from an interlocutory order granting an injunction. This jurisdiction is a special one conferred by articles 4644, 4645, 4646, Rev. Stats., where the judgment of the appellate court is not made final by article 1591, and these articles were not repealed by the amendment of 1913 to article 1591, defining the general jurisdiction of the Supreme Court. (Pp. 172, 173.)

**4.—Same—Statutory Construction—Implied Repeal.**

There is no implied repeal of a statute by a later one where there is no repugnancy, but both may stand and be given effect. (P. 173.)

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Hardin County.

The Houston Oil Company sued the Village Mills Company and obtained an injunction. Defendant appealed from the interlocutory order granting same, and the appellate court dissolved the injunction on the ground that the lower court had no jurisdiction to grant it. The Houston Oil Company thereupon obtained writ of error.

*H. O. Head, Parker & Kennerly,* and *Oswald S. Parker,* for plaintiff in error.—The causes of action in the suit pending on appeal and the action for injunction, while between the same parties and involving the same land, do not involve the same subject matter within the meaning of that term prohibiting two courts from adjudicating the same subject matter between the same parties at the same time. Staples v. Rossi, 7 Idaho, 618, 65 Pac., 67; Peoples Trac. Co. v. Central Pass. Co., 67 N. J. Eq., 370; Larco v. Clements, 36 Cal., 132; Buettinger v. Hurley, 34 Kan., 585; Flint v. Spurr, 56 Ky. (17 B. Mon.), 499;

Walker v. Maddox-Rucker Banking Co., 97 Ga., 386; Woods v. Riley, 72 Miss., 73; 1 Cyc., 30; Rev. Stats., art. 4643; Whitworth v. Barnes, 153 S. W., 538; Wood v. Braxton, 54 Fed., 1005.

The fact that the Houston Oil Company of Texas was in good faith asserting its claim of title and diligently prosecuting its cause of action against the defendant gave it an independent equity authorizing and requiring the district judge to whom the application was presented to restrain the defendants from changing the status of the subject matter in controversy so as to render nugatory the final judgment in said cause if it should ultimately be successful. Whitworth v. Barnes, 153 S. W., 538; Peoples Trac. Co. v. Central Pass. Co., 67 N. J. Eq., 370; Bogart v. Rils, 8 La. Ann., 55; Leonard v. Flynn, 89 Cal., 535; Woods v. Riley, 72 Miss., 73; Flint v. Spurr, 56 Ky., 499.

*W. D. Gordon, Thomas J. Baten, H. M. Whitaker,* and *E. E. Easterling,* for defendant in error.—The Supreme Court, by the law of its creation, towit, the Constitution of Texas and the jurisdictional Acts of the Legislature, is not competent to review the decision of the Court of Civil Appeals in this case, because it is an "interlocutory appeal allowed by law," of which the "judgment of the Court of Civil Appeals shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto"; and because the jurisdiction of the Supreme Court is limited to "questions of law arising in civil cases, where same have been brought to the Court of Civil Appeals by writ of error or appeal from final judgments of the trial courts." Constitution, art. 5, secs. 1, 2, 3, 6; Rev. Stats., arts. 1589, 1590, 1591, 4644, 1521; Crary v. Port Arthur Channel & Dock Co., 45 S. W., 842.

The Court of Civil Appeals correctly decided that the interlocutory order of the judge, made ex parte in chambers, for the Seventy-fifth District Court of Texas, was an act in excess of his power and jurisdiction, because he had no authority to grant an injunction in a cause arising in, decided by, and appealed from the Ninth Judicial District of Texas, where, at the time he attempted to exercise his jurisdiction in that case, it was in its entirety pending in the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas. 95 Texas, 174; Schlinke v. DeWitte County, 145 S. W., 660; City of Paris v. Sturgeon, 110 S. W., 459; Weaver v. Emison, 153 S. W., 922; Johnson v. Clemmons, 158 S. W., 797; Allen v. Thomson, 156 S. W., 304; 7 Ruling Case Law, 105, 106, subd. "Courts"; 11 Cyc., 985, subd. "Priority & Effect"; Thos. Goggan & Bros. v. Morrison, 163 S. W., 121; Miller-Vidor Lbr. Co. v. Williamson, 164 S. W., 440; Sparks v. National Bank of Commerce, 168 S. W., 48; Brady v. Hancock, 17 Texas, 362; Stone v Byars, 32 Texas Civ. App., 154, 73 S. W., 1086; Crary v. Port Arthur C & D Co., 45 S. W., 842.

It was an abuse of judicial discretion to grant the writ of injunction herein, because the petition upon which it was granted fails to establish any right or title to the land in question in plaintiff in error entitling

it to a writ of injunction prohibiting defendant in error from doing the acts alleged. 22 Cyc., 822; Gillis v. Rosenheimer, 64 Texas, 245; Harding v. Commissioners Court of McLennan Co., 95 Texas, 174; Schlinke v. DeWitte County, 145 S. W., 660; City of Paris v. Sturgeon, 110 S. W., 459; Weaver v. Emison, 153 S. W., 922; Johnson v. Clemmons, 158 S. W., 797.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The Houston Oil Company of Texas filed in the District Court of Hardin County in the Ninth District an action against the Village Mills Company for a certain league of land in that county. It was successful upon the trial and obtained judgment for the land. The defendant appealed. The appeal is as yet undetermined. Following the appeal, the oil company presented to Judge Llewellyn, judge of the District Court of Hardin County in the Seventy-fifth District, its petition for an injunction against the same defendant to restrain it from cutting the timber from the land and interfering with the plaintiff's possession pending the final decision of the suit for the land. The injunction was granted in chambers without a hearing. On the defendant's appeal the order was reversed and the injunction dissolved by the honorable Court of Civil Appeals for the Ninth District.

It is urged by the defendant in error that the judge of the Seventy-fifth District Court was without jurisdiction to issue the injunction because of the jurisdiction of the Ninth District Court over the suit for the land and the pendency of the appeal from the judgment there rendered. There is, in our opinion, no doubt as to the power of the district judge to grant the injunction. This is not a suit for the land, nor does it at all involve the title to the land. Its subject matter is distinct. It is merely a proceeding to prevent waste upon the land and to preserve its condition pending the final determination of the rights of the parties by restraining the defendant from appropriating to itself at an intermediate stage of the controversy that which according to the allegations of the petition chiefly gives it value. Only a provisional injunction of such duration was sought or granted. That it works no invasion of the jurisdiction of the Ninth District Court over the action for the land and will not interfere with the full exercise of the Court of Civil Appeals' power over the appeal, is apparent. The statute (article 4643) declares that the judges of the District Courts may grant writs of injunction:

"Where, pending litigation, it shall be made to appear that a party doing some act respecting the subject of litigation, or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual."

This provision contemplates such situations as that here presented, and plainly conferred upon the district judge the power exercised.

The petition for the injunction clearly alleged the plaintiff's assertion

in good faith of its claim of title to the land; its actual possession of it for more than ten years; the judgment for the land rendered in its favor against the defendant; the threat of the defendant to cut the timber from the land, notwithstanding the adverse judgment and the absence of any final adjudication that it was entitled to it; and that it was the timber which chiefly gave the land its value. Such being the allegations, it can not be said, as a matter of law, that there was any abuse of discretion on the part of the judge in issuing the injunction. The facts stated were sufficient to create an independent equity in favor of the plaintiff' entitling it to the aid of a court to prevent the property in controversy being rendered valueless to it through the acts of its adversary, regardless of the superiority of its rights if its judgment should be finally affirmed. Whitworth v. Barnes (Mo.), 153 S. W., 538; Peoples Traction Co. v. Central Passenger Railway Co., 67 N. J. Eq., 370. With the timber constituting the real subject matter of the original suit, the claim of the defendant directly challenged in the way the law provides, and the suit not yet concluded, it is difficult to perceive how in justice the defendant was warranted in taking the timber to itself as though its ownership were undisputed. A legal action for property prosecuted in good faith would present a strange irony if the law permitted one of the parties during its pendency to destroy the property's value to the rival claimant by appropriating to himself that which made it valuable.

Since this was not an action for the land and did not involve the title to the land, to entitle the plaintiff to the character of injunction sought it was not necessary for it to here show that it had the better title. Its claim to the land, the prosecution of its suit in good faith, and the judgment in its favor in the trial court warranted, particularly in view of our statute, the granting of such relief as would prevent an ultimate judgment in its favor being rendered ineffectual. In such situations equity is not immediately concerned with the superiority of the rival claims, and does not wait upon the adjudication of that question. Its province is to preserve an even balance of right between the parties until that is settled by restraining at the hands of either any action which in the end would make the property valueless in the hands of the successful claimant.

We have not failed to consider the defendant in error's motion to dismiss the cause. The ground of the motion is that the Supreme Court is without jurisdiction to grant a writ of error in appeals from interlocutory orders granting, refusing or dissolving injunctions— which we have heretofore held is possessed by the court under articles 4644, 4645 and 4646 where the cause is not of that class of which the jurisdiction of the Courts of Civil Appeals is made final by article 1591—because, it is urged, those articles were in effect repealed by the amendment of 1913 to article 1521, defining the general jurisdiction of the Supreme Court. As was announced during the argument, we have heretofore determined this question in assuming the jurisdiction here

disputed by our action upon numerous applications for writs of error in causes of the class of the present one since amended article 1521 became effective. The purpose of articles 4644, 4645 and 4646 was to confer a special jurisdiction upon the Supreme Court in a particular proceeding. They are particular statutes and relate solely to a certain kind of appeals. Amended article 1521,—since amended by the Act of 1917,—was a general statute and was expressed in only affirmative terms. It contained no negative provisions. Its purpose was only to define the general jurisdiction of the Supreme Court over causes determined in the Courts of Civil Appeals. It evinced no intention of impairing the special jurisdiction conferred upon the Supreme Court under articles 4644, 4645 and .4646. There was no absolute repugnancy between it and articles 4644, 4645 and 4646 since under its terms it was possible for it to have, and it did have, an extensive operation beyond the limited scope of those articles. Under familiar rules there was no implied repeal. Sutherland on Statutory Construction, secs. 274-278; Cole v. State, 106 Texas, 472; State v. McCardy, 62 Minn., 509.

The judgment of the Court of Civil Appeals is reversed and the order of the district judge is affirmed.

*Reversed and judgment of District Court affirmed.*

Mr. Justice HAWKINS concurring.

I concur in the order made by this court, but am not prepared to approve all that is said in the opinion by our Chief Justice.