## YOUNT–LEE OIL CO. et al. v. FEDERAL CRUDE OIL CO.

### No. 2865.

Court of Civil Appeals of Texas. Beaumont.
April 22, 1935.

Beaman Strong and Orgain, Carroll & Bell, all of Beaumont, and A. C. Wood, of Houston, for appellants.

W. D. Gordon, E. E. Easterling, and Howth, Adams & Hart, all of Beaumont, for appellee.

COMBS, Justice.

This suit was filed in the Fifty-Eighth district court of Jefferson county on April 4, 1935, by Federal Crude Oil Company against Yount-Lee Oil Company, a corporation, and Stanolind Oil & Gas Company, a corporation, and Wright Morrow and Sam J. Hindman, individuals, on the following allegations: Federal Crude Oil Company had filed in the Sixtieth district court of Jefferson county the suit as reflected by the opinion of this court, Federal Crude Oil Co. v. Yount-Lee Oil Co., 73 S.W.(2d) 969; that judgment of the lower court against Federal Crude Oil

Company was affirmed by said opinion (a writ of error to our state Supreme Court against that judgment of affirmance was dismissed for want of jurisdiction), and "from an affirmance of that order the court of Civil Appeals, at Beaumont, your plaintiff has presented to the United States Supreme Court, in due and proper form, its petition for a writ of certiorari, which has been filed in said court and is now on the docket thereof, seeking by that process the jurisdiction of that tribunal upon the grounds set forth therein, a review and reversal of the adverse decisions against it in the Texas Courts, aforesaid, predicated among other grounds upon the denial to it of due process of law under the Fourteenth Amendment of the Constitution of the United States.

"Thus and thereby the proceeding instituted by this plaintiff, now pending and undetermined, presents a case wherein in the event of its recovery, which the plaintiff herein asserts upon information and belief, will result in a judgment ultimately rendered against the said defendant, Yount-Lee Oil Company, for said sum of money, and the title and possession of said property. Thereby and in such event the said defendant will be condemned to pay as a corporation out of its assets and resources, said sum of money, all of which assets and resources, located in Jefferson, Calveston, Liberty, Hardin, Gregg and other counties of South and East Texas, and in part in Southwest Louisiana, constitute its sole resources and assets capable of responding to process of law for enforcement of such judgment, without which the corporation could not pay the same, leaving the plaintiff without recourse for its demands when adjudicated to it.

"These assets consist of oil properties, producing, transporting, storing and selling of crude oil, the business of said defendant being that of an oil producing corporation."

We copy from the petition of Federal Crude Oil Company as follows, giving in detail the nature of its cause of action and the relief prayed for:

"Your petitioner here avers upon information and belief that the assets of the said defendant, Yount-Lee Oil Company, are now threatened to be entirely dissipated and passed into the hands of the other defendants hereinbefore named, in accordance with the following prospective plan of procedure, the result of which, if unrestrained and permitted to be effectuated without adequate provision made for the protection of your plaintiff, in the event of its recovery of its claims against said corporation, whereby the responsibility and liability for the adequate satisfaction of a judgment rendered in behalf of your plaintiff would be circumvented to the point of a denial of satisfaction, even though judicial order should award the full relief which the plaintiff is now seeking, and which it verily believes and asserts it is here entitled to receive and will receive in its suit.

"That plan, leading to that result, is in substance and effect as your plaintiff is informed and believes, and here avers, as follows:

"The defendants have gone into an agreement among themselves to carry out and effectuate the following plan and design, to-wit, the present stockholders of the Yount-Lee Oil Company have executed an option to sell their stock for a large sum of money, aggregating approximately sixty Millions of Dollars, to the defendants, Morrow and Hindman, who in turn, conformable to the mutual agreement existing between the Stanolind Oil & Gas Company and the Yount-Lee Oil Company, and its stockholders, proposed a plan and agree as the successors in stock interest of the old stockholders of the old Yount-Lee Oil Company, and in control of the last named corporation, to transfer the physical assests hereinbefore indicated and specifically shown by the sundry records of the respective counties and districts where such assets are located, to the Stanolind Oil & Gas Company, a foreign corporation, piece by piece, and item by item, by appropriate transfers and descriptions, whereby the last named corporation is to become the purchaser of these physical assets and properties of the Yount-Lee Oil Company, the said two individual defendants herein taking the funds so obtained for the sale of said physical assets and reimbursing the old stockholders, or those fiscal agencies through which the exercise of the option to buy that stock has been provided in the forms of loans, or otherwise, and thus and thereby by such roundabout and indirect method securing the stock of the Yount-Lee Oil Company from its old stockholders, and investing it ostensibly in the said Morrow and Hindman, the New Stockholders. The effect of this arrangement is through this de-

vious method of procedure to sell the assets of the oil Company to the Stanolind Oil & Gas Company, and to use the funds deraigned from the funds of such assets to acquire the stock of the Yount-Lee Oil Company from the old stockholders without the form and procedure of dividends. The ultimate effect and purpose of such arrangement is to leave the Yount-Lee Oil Company as a corporation, which is the sole defendant charged with appropriating the plaintiff's property and its monies, as aforesaid, without assets with which to respond a judgment in favor of the plaintiff against it. Moreover, the effect is also to leave its stockholders, to-wit, the said Morrow and Hindman, and such successors as they may have in that capacity, with certificates of stock in a corporation without substantial assets and without receiving any dividends and proceeds of such physical properties and assets of the corporation. In short, the effect is to create a shell, with no substantial substance, of the Yount-Lee Oil Company as a corporation, against which judicial process would be unavailing to secure and effectuate the satisfaction of a judgment such as is sought by the plaintiff, and such as the plaintiff expects to obtain in the course of its litigation hereinbefore stated.

"Moreover, through this device and plan, now agreed upon and in process of being consummated, unless the equitable relief herein sought protects your plaintiff in its rights, the assets of said corporation will pass into the hands of the said Stanolind Oil & Gas Company, and the fruits thereof, through the indirect methods hereinabove stated, will pass, not as dividends nor in the ordinary method provided for the tracing of assets through dividends into the hands of stockholders, but as the purchase price for the sale of the stock of the said Yount-Lee Oil Company's present stockholders, which sale of stock will take the form of a conveyance thereof to what is in substance and effect, and in its substantial result, the dummy stockholders acting as intermediaries beyond the Yount-Lee Oil Company and its old stockholders to the Stanolind Oil & Gas Company.

"Through this method and plan your plaintiff, in the event of its recovery of its demands against the Yount-Lee Oil Company, will be prevented, hampered and forestalled, except and unless through protracted equitable procedure the process radiating into sundry ramifications un-precedented as matter of law, from recovery of its money, if and when the same is awarded to it by judgment of the court against the corporation, or against its stockholders receiving dividends in the ordinary way, whose liability would be that of recipients of the funds received in the form of dividends from the corporation.

"It is therefore to forestall and prevent such design and plan from being carried out to the prejudice and destruction of the rights of the plaintiff that this proceeding is instituted, that adequate relief may be vouchsafed to it, and to protect it against the loss of its rights and irreparable and irretrievable injury which otherwise would ensue unless the equitable relief herein prayed for be granted.

"It is therefore manifest that your plaintiff has no adequate remedy at law for the acts done and threatened to be done as herein alleged.

"Moreover, it is not the purpose or intent of your plaintiff, by this proceeding, to in any wise interfere with any lawful transaction which said parties may in any form or any design, scheme or practice effectuate as between themselves, but it is the sole purpose and intent of this proceeding to invoke the aid of a court or equity to secure relief against the threatened appropriation and destruction of the sole and lawful rights of this plaintiff through the exercise of the equitable powers of the court, and its statutory authority.

"Wherefore the plaintiff brings this suit and prays for the following relief:

"First: That the court order the defendants under such limitations as may be meet and agreeable with equity to show cause why a temporary injunction, or restraining order, should not be granted against the defendants, commanding and restraining them from carrying out and effectuating the purposes and plans hereinbefore outlined, or any similar plans or purposes, unless and until ample provision shall have first been made under the orders and direction of this court to safeguard and protect the plaintiff in its rights, as hereinbefore stated.

"Second: That upon such hearing, after notice duly given to the defendants, that an order be entered within such limitations and under such conditions as may be just and equitable, holding in status

quo the properties and assets, or a certain designated portion thereof, or under a certain designated security, adequately provided for the protection of the plaintiff to cover and protect the rights of the plaintiff, as hereinbefore alleged, and as now are asserted. And for such other relief as, upon a hearing of the matter, may seem meet and agreeable with equity.

"Third: That the provisions above stated be continued in force and effect until the final determination of the litigation wherein the plaintiff is asserting its rights against the said defendant, Yount-Lee Oil Company. And in the event of such favorable result to the plaintiff, that such temporary injunction be made permanent until plaintiff's demands are fully met and satisfied.

"Fourth: And in the event the plaintiff recovers a judgment against the said Yount-Lee Oil Company, as aforesaid, the plaintiff prays that at all events, whether the transactions now contemplated between the defendants be consummated or not, that an equitable lien be fixed and established and foreclosed against all and severally the physical assets, real, personal and mixed, of the Yount-Lee Oil Company, whether the same pass into the custody and possession of any successors in interest of the Yount-Lee Oil Company as vendees of such assets, and that this remedy against such assets continue in full force and effect until such judgment as may be awarded the plaintiff shall have been fully and completely satisfied.

"Fifth: And at all events, pending the final consummation of the plaintiff's claim against the Yount-Lee Oil Company, that the assets proposed to be transferred and assigned by that corporation through the plan hereinabove outlined, or any similar plan, be fixed and established as dividends, subject to the process of court to satisfy such judgment as the plaintiff may obtain as against the present and primary stockholders of the Yount-Lee Oil Company, and impressed in their hands with a lien in such converted form as they may reach such stockholders as dividends, if declared, in the ordinary and usual course of such transmutation from corporate custody and title to that of individual stockholders without regard to the interposition and form of intermediaries as hereinabove alleged.

"Sixth: And finally, that the plaintiff have such other and further relief as in equity and under the law it may be entitled to receive, whether hereinbefore specially prayed for or not, and whether general or special in its nature.

"And as in duty bound the plaintiff will ever pray.

"And to the end that the plaintiff may obtain relief hereinabove prayed for, it submits itself to the jurisdiction of the court, and here offers to do and perform in all matters which in equity and good conscience it ought to do as a condition precedent to the granting of the relief prayed for.

"W. D. Gordon,
"E. E. Eastering,
"Howth, Adams & Hart,
"Attorneys for Plaintiff, Federal Crude Oil Company."

This petition was verified as follows:
"State of Texas, Jefferson County

"I, Charles J. Chaison, on my oath state that I have read the foregoing petition and am familiar with its contents, that the matter of fact therein stated as fact are true as stated; and where stated upon information and belief, I verily believe the same to be true.

"Chas. J. Chaison

"Subscribed and sworn to before me this 3rd day of April, A. D. 1935.

"L. M. Lack
"[Seal] Notary Public, Jefferson County, Texas."

On the 4th of April, Hon. George C. O'Brien, judge of the Fifty-Eighth district court, Jefferson county, indorsed on the petition of Federal Crude Oil Company his fiat as follows:

"Order

"Upon the foregoing petition being presented to me in Chambers on this ——— day of April, 1935, and upon consideration thereof, it is ordered that the defendants be forthwith served with a copy of this petition, and that they be required to answer the same at 10 o'clock A. M. on the 15th day of April, 1935, and show cause, if any they can, why the temporary relief therein prayed for should not be granted.

"A copy of this order will likewise be furnished, with a copy of the petition, and served upon the defendants.

"In Chambers April 4, 1935.

"Geo. C. O'Brien
"Judge, 58th District Court."

On April 4, 1935, notice to show cause was regularly issued on authority of the fiat of Judge O'Brien, reciting the filing of this suit, giving in full the judge's fiat, and concluding: "These are, therefore to require you to appear at the time and place as above stated, and answer said Petition for injunction showing cause, if any you can, why same should not be granted."

This notice was served on Yount-Lee Oil Company on April 4, and on Wright Morrow on April 5, and on Hindman on April 8, and on Stanolind Oil & Gas Company on April 12. Each of the defendants answered the petition of Federal Crude Oil Company as to its application for a temporary injunction, with the following introduction to said answer, applicable to each answer: "Now comes Wright Morrow, one of the defendants herein, and for answer to the order heretofore made herein to show cause why the temporary relief sought herein should not be granted, says."

On hearing on the 15th of April, on the pleadings and on the evidence introduced, the court entered the following order:

"Order

"All pleas of defendants to jurisdiction, their general demurrers, and special exceptions are overruled to which each defendant in open court excepts, the same having been duly presented on April 15, 1935.

"Upon consideration of the petition and the answers in this case, and the evidence, all of which is undisputed, it is ordered on this April 17th, 1935, as follows:

"First: That the transaction whereby the stock of the present stockholders of the Yount-Lee Oil Company is held under option to purchase same by Wright Morrow, is a matter beyond this court's power or right to restrain in any manner, and in so far as injunctive relief is sought in regard thereto, the same is denied.

"Second: The option given by Wright Morrow to the Stanolind Oil & Gas Company conditioned upon Morrow acquiring all of the stock of the Yount-Lee Oil Company, is a matter beyond the power and jurisdiction of this court to restrain, enjoin or interfere with; it being a contract and agreement between the said Wright Morrow and the said Stanolind Oil & Gas Company, over which this court exercises no right of control or restraint, and in so far as injunctive relief is sought

affecting such agreement between them in this proceeding, the same is denied.

"Third: The Yount-Lee Oil Company, as a corporation, under the facts adduced on this case has not executed any option to convey its assets to any person or corporation. Such assets constitute a trust fund liable for and answerable to the just demands of its creditors. Such corporation has a right to sell and convey these assets under the terms and provisions of law, and the proceeds thereof are the proceeds of the corporation, taking the place of such assets, and under the law must be paid into the corporate treasury, there to be held subject to be dispersed, first in satisfaction and settlement of its debts, and secondarily to be passed and delivered to its stockholders as liquidated dividends.

"That it has the right to sell its assets to the Stanolind Oil & Gas Company, or any other corporation or person in bona fide sale for fair value, is a right which this court has no power or jurisdiction to interfere with or to enjoin or restrain; and in so far as such sale of such assets, if said Yount-Lee Oil Company sees fit as a corporate entity to make and effectuate, the court has no right or power to restrain or enjoin the same.

"Fourth: In view of the undisputed evidence adduced upon the trial, in conformity with and supporting the fourth paragraph of the petition to the substantial effect that it is the plan and purpose of Wright Morrow, upon acquisition of all of the stock of the present stockholders of the Yount-Lee Oil Company, whereby exclusive control is to be invested in him over the Yount-Lee Oil Company and the option contract which he personally now has with the Stanolind Oil & Gas Company is proposed to be and become the contract and agreement of the Yount-Lee Oil Company with the Stanolind Oil & Gas Company as to the properties and assets of the former corporation, the monied consideration whereof is to be appropriated by the said Wright Morrow in his individual capacity as sole stockholder of the corporation, and the power and control so placed in his hands as sole stockholder, will be used to liquidate and dissolve the Yount-Lee Oil Company, without regard to the statutory method in such cases made and provided; It is the judgment and order of this court that the said Yount-Lee Oil Company and the said Wright Morrow be, each of them,

enjoined and restrained from disbursing the proceeds of said sale when consummated until provision is made for the satisfaction and payment of any judgment which may be granted to the Federal Crude Oil Company against the Yount-Lee Oil Company in the proceeding set up in the former's petition in the case now pending for adjudication and determination in the supreme court of the United States, and that such injunction be and the same is hereby declared to remain in full force and effect pending the action of the supreme court of the United States thereon; limited, however, to the sum of $15,000,-000.00. It is further ordered that this injunction shall become ipso facto null and void and of no further force or effect if the supreme court of the United States denies, refuses or dismisses the petition for certiorari of the Federal Crude Oil Company in said cause now pending; or in the event the supreme court of the United States should grant the petition for writ of certiorari of said Federal Crude Oil Company in said cause now pending, but said court should thereafter affirm the judgment or otherwise dispose of said cause in favor of the Yount-Lee Oil Company as to the title to said land involved therein, then upon such affirmance or other disposition in favor of the Yount-Lee Oil Company this injunction shall become ipso facto null and void and be of no further force or effect."

The statement of facts contains the following introduction: "Be it remembered that on the hearing of the application for a temporary injunction in the above numbered and entitled cause before His Honor George C. O'Brien, Judge of the 58th Judicial District Court in and for Jefferson County, Texas, in Chambers, on April 15, A. D. 1935, pursuant to an order to show cause why temporary relief should not be issued, the following facts and none other were proven"; and was approved by the court by the following order:

"Judge's Certificate

"The parties to the above entitled and numbered cause not having agreed upon a statement of facts herein, and upon consideration of the affidavit of Y. D. Carroll hereinabove attached, I, George C. O'Brien, Judge of the District Court of Jefferson County, Texas, in and for the 58th Judicial District, from my own knowledge, with the aid of the statements of facts submitted to me as prepared by the Court Reporter in question and answer form, reporting the hearing of said cause, have prepared and do hereby sign and file with the Clerk of said court, the above and foregoing thirty-seven (37) pages of typewritten matter and exhibits as thereto attached, and do certify that they are, a full, true and correct statement of all the facts given in evidence and all of the evidence adduced on the trial of such cause, and they constitute the original statement of facts therein, in so far as I have been able to ascertain.

"Witness my hand this the 18th day of April, A. D. 1935.

"Geo. C. O'Brien, Judge of the District Court in and for Jefferson County, Texas, 58th Judicial District."

The order was granted by the lower court without requiring bond of the plaintiff. Yount-Lee Oil Company, Stanolind Oil & Gas Company, and Wright Morrow perfected their appeal to this court from the order of the lower court by filing herein, on the 18th day of April, a transcript, a statement of facts, and their briefs; and on that day they filed their motion to advance, which was set for hearing on the 19th. On the 19th, on full argument, the motion to advance was heard and granted, and the appeal set for hearing on the merits on the 22d, on which day the appeal was regularly submitted.

The following points are presented by this appeal:

First. The jurisdiction of the lower court to entertain this proceeding. It is the opinion of the majority of the court, on authority of Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, that the lower court was without jurisdiction. On authority of Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075, Mr. CHIEF JUSTICE WALKER is of the opinion that the lower court had jurisdiction.

Second. The nature of the judgment appealed from, whether final or temporary. Appellants insist that it is a temporary order, while appellee insists that the order is a final judgment. The court is of the opinion that the order in controversy is temporary, and not a final judgment. Appellee prayed for a temporary injunction; the fiat of the judge ordered a hearing as on a temporary injunction; the notice to show cause cited defendants to appear as on a temporary injunction; the

defendants answered as to a temporary injunction; the order appealed from, by denying all other temporary relief, recognized that the order was temporary; and, in approving the statement of facts, the trial court, in the introduction to the statement of facts, expressly recognized that the order appealed from was temporary. The opinion of the Commission of Appeals in James v. E. Weinstein & Sons, 12 S.W.(2d) 959, is directly in point in support of our construction of this order. The order before the Supreme Court in Houston Oil Co. v. Village Mills Co., supra, was construed by the Supreme Court as a "provisional injunction." As we construe the order before us, it is also on all fours with the orders in that case. This conclusion supports our order advancing this cause for hearing under the provisions of article 4662, R. S. 1925, which provides that appeals from temporary injunctions "may be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending therein."

Third. Was the trial court authorized to grant the injunction without bond? It is our opinion that he was not, for, as we have already held, the injunction was temporary or interlocutory only, and by the express terms of the statute a bond was required as a condition precedent to the issuance of the injunction. Article 4649, Vernon's Ann. Civ. St.; Ex parte Coward, 110 Tex. 587, 222 S. W. 531; Johnson v. McMahan (Tex. Civ. App.) 40 S.W.(2d) 920. In view of the record before us and the lack of equity in the developed facts, which we discuss under the succeeding proposition, we do not deem it necessary to determine our jurisdiction to require a bond in support of the order of the lower court.

█ Fourth. Upon the record and the developed facts, did appellee disclose an equitable right to the relief granted by the trial court? This question must be answered in the negative, because appellee has an adequate remedy at law. If, by the transaction complained of by appellee, the assets of Yount-Lee Oil Company are dissipated to the extent that it cannot satisfy any and all judgments that may be rendered against it in the future, then the transfer by Wright Morrow to Stanolind Oil & Gas Company would be illegal, and appellee could enforce its judgment directly against the assets thus illegally transferred. This principle is announced by Thompson on Corporations (2d Ed.) § 6291, and conceded by appellants on oral argument. The proposition has peculiar application to Wright Morrow and Stanolind Oil & Gas Company because they are parties to this suit and by appellee's petition have been put upon notice of every fact that would charge, in their hands, the assets of Yount-Lee Oil Company with any judgment that might be recovered in the future.

█ Moreover, it is our conclusion that, waiving aside the proposition that appellee has an adequate remedy at law, on the record before us it still is not entitled to the injunctive relief because it has not shown a probable right to or interest in the assets of the appellant company. It is apparent that its asserted right is based upon the claim litigated in the main suit and which is now pending in the United States Supreme Court on petition for certiorari.[1] So far as the courts of this state are concerned, it has been finally determined that appellee has absolutely no right or claim whatever. In fact, at the suit of certain of its stockholders, it has been twice before finally determined that it had no such right, once by the courts of this state, Yount et al. v. Fagin et al. (Tex. Civ. App.) 244 S. W. 1036, and once by the federal courts, Fagin v. Quinn (C. C. A.) 24 F.(2d) 42, writ of certiorari denied by the Supreme Court 277 U. S. 606, 48 S. Ct. 602, 72 L. Ed. 1012. In face of the record, how can it be held, at least by our state courts, which have finally spoken upon the matter, that it is reasonably probable that appellee may finally succeed in establishing its claim.

From what we have said it follows that the judgment of the trial court granting the injunction should be reversed and judgment here rendered dissolving same, and it is so ordered.

---

[1] Certiorari denied April 29, 1935, 55 S. Ct. 655, 79 L. Ed. —.