**BRIDAS CORPORATION, Appellant,**

v.

**UNOCAL CORPORATION, Delta Oil Company, Ltd., Delta International, and Deltoil Corporation, Appellees.**

No. 14–99–00796–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 27, 2000.

Patricia A. Hill, Murray Fogler, Houston, for appellant.

Randall W. Wilson, William W. Ogden, Phillip T. Bruns, Robin C. Gibbs, Jeffery C. Alexander, Houston, for appellees.

Panel consists of Chief Justice MURPHY, Justices HUDSON, and WITTIG.

## O P I N I O N

DON WITTIG, Justice.

This accelerated appeal addresses whether a trial court has jurisdiction to issue an anti-suit injunction while the final judgment of the case is pending on appeal. We also consider the claim that the trial court abused its discretion in granting the injunction. We affirm.

### Factual and Procedural Background

In 1996, appellant, Bridas Corporation, filed suit against appellees, Unocal and Delta (collectively "Unocal") in Fort Bend County. The suit arose out of the parties' activities in Afghanistan, Turkmenistan, and Texas. Bridas asserted claims against Unocal for tortious interference with contract, tortious interference with prospective business relations, and civil conspiracy.

About the same time Unocal appeared in the Fort Bend County suit, it filed a parallel declaratory judgment action in Turkmenistan. Bridas responded in its Fort Bend forum with a strongly worded application for temporary restraining order and temporary injunction against Unocal. Bridas contended the Turkmenistan action was a "mirror image" of the Fort Bend case, that the filing of it was "vexatious and oppressive" and "smack[ed] of cynicism, harassment, and delay." As another ground in support of an injunction, Bridas contended the Fort Bend court, upon Bridas' filing of the original action, "obtained exclusive jurisdiction over this controversy." On the basis of Bridas' motion, the court asserted exclusive jurisdiction and enjoined Unocal from prosecuting a parallel claim anywhere in the world but Fort Bend County. Bridas now changes its tack, wistfully to sail away to that same forbidden port.[1]

In 1998, Unocal moved for summary judgment. It asserted: (1) Afghanistan and Turkmenistan law applied to Bridas' claims; (2) the laws of those countries do not recognize such claims; (3) therefore, Bridas' claims are barred. After an extensive choice of law and summary judgment hearing, the trial court agreed and granted a take-nothing summary judgment on October 2, 1998. Bridas filed notice of appeal on March 1, 1999, and appeal of that summary judgment has been submitted before this court.

Just prior to a mediation that had been ordered by this court, Bridas notified Unocal it intended to "initiate legal proceedings ... in Afghanistan if the matter cannot be resolved in the mediation." After the mediation failed, Unocal moved the Fort Bend trial court to enjoin Bridas from filing suit in Afghanistan. The court granted the temporary injunction on June 11, 1999, several months after we assumed jurisdiction and the trial court's plenary power had expired.

Bridas contends the trial court lacked jurisdiction to enter the injunction. Alternatively, it contends the court abused its discretion in granting it.

## Jurisdiction

■ In support of its contention that the trial court was powerless to enter the anti-suit injunction, Bridas cites the general rule that a trial court only has plenary power until thirty days after its judgment becomes final. *See* TEX.R. CIV. P. 329b(d); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993). Further, once an appeal is perfected, the court of appeals acquires exclusive plenary jurisdiction over the case. *See Robertson v. Ranger Ins. Co.*, 689 S.W.2d 209, 210 (Tex.1985).

■ Unocal responds that despite these propositions, the trial court continues to retain jurisdiction to protect or enforce its judgment while the case is pending on appeal. *See Houston Oil Co. v. Village Mills Co.*, 109 Tex. 169, 202 S.W. 725 (1918). The trial court is vested with the inherent judicial authority to enforce its orders and decrees. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). Additionally, it is vested with explicit statutory authority to enforce its judgments, including the issuance of an injunction. *See* TEX. CIV. PRAC. & REM.CODE Ann. § 65.011 (Vernon 1997);[2] Tex. R. CIV. P. 308.

■ *Village Mills* bears important similarities to our case. There, the plaintiff won a judgment for the ownership of land.

---

1. The allusion is figurative for Afghanistan is landlocked by Iran and Pakistan.

2. The statute provides, in pertinent part, that a writ of injunction may be granted if:
   a party performs or is about to perform or is procuring or allowing the performance of

an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual. TEX. CIV. PRAC. & REM.CODE Ann. § 65.011(2).

During the defendant's appeal on the merits, the plaintiff moved the trial court to enjoin the defendant from cutting timber on the land. The court granted the injunction. The defendant appealed, asserting, as Bridas does now, the trial court was without jurisdiction to grant injunctive relief while the case is on appeal. Citing the predecessor to section 65.011(2), The Texas Supreme Court disagreed: "There is, in our opinion, no doubt as to the power of the District Judge to grant the injunction." *Village Mills*, 202 S.W. at 725. The court held that the trial court's injunction would "not interfere with the full exercise of the Court of Civil Appeals' power over the appeal." *Id. Village Mills* thus clearly stands for the proposition that Bridas denies: the trial court is empowered to issue an anti-suit injunction to enforce its judgment while the case is pending on appeal.

The power of a trial court to grant injunctive relief while the case is pending on appeal is supported by other authority. *See EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex.App.-Fort Worth 1987 orig. proceeding) (the power to grant injunction to preserve status quo or prevent damage to litigant who has an appeal pending rests exclusively with the district judge); *Wolf v. Young*, 275 S.W.2d 741, 745 (Tex.Civ. App.-San Antonio 1955, no writ) (same); *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ.App.–Dallas 1931, no writ) (same).

Appellant contends that *Greiner v. Jameson*, 865 S.W.2d 493 (Tex.App.-Dallas 1993, writ denied), presents an "analogous situation" and is therefore controlling. In *Greiner*, the court of appeals reversed the trial court because the sanctions order it had issued compelled the defendant to "specifically perform" the judgment while that judgment was pending on appeal. *Id.* at 500. The court of appeals held that to permit the trial court to order the defendant to do this "effectively undermines his right to seek appellate relief and denies this Court its lawful jurisdiction of the appeal." *Id.*

▇▇ *Greiner* is inapplicable. Contrary to Bridas' assertion, *Greiner* does not hold that a trial court is powerless to issue an anti-suit injunction while the case is on appeal. Rather, it enumerates several limits to that power. Specifically *Greiner* holds, that the trial court may not interfere with the appellate court's determination of the issue, undermine the right of the appellant to prosecute its appeal, or modify its final judgment. *Id.* at 500. None of this type of overreaching occurred in our case. Here, the trial court's anti-suit injunction only prohibited Bridas from relitigating the identical issues in a foreign court. The trial court simultaneously protected its own judgment and preserved our appellate jurisdiction. We do not perceive, and Bridas does not state, how this undermines or interferes with its right to seek appellate relief in this court or with this court's determination of the issue on appeal. Nor do we see how the injunction in any way modifies the final judgment.

We therefore hold that the trial court did not exceed its power in issuing the anti-suit injunction. *See, e.g.*, Tex. Civ. Prac. & Rem.Code Ann. § 65.011; *Village Mills*, 202 S.W. at 725; *EMW Mfg.*, 724 S.W.2d at 426. This issue is overruled.

### Abuse of Discretion

Bridas argues in the alternative that even if the trial court was empowered to issue an anti-suit injunction, it abused its discretion by so doing.

▇▇ Generally, the court which renders a judgment has a duty to enforce it. *See City of Dallas v. Dixon*, 365 S.W.2d 919, 923 (Tex.1963). However, an anti-suit injunction should be employed sparingly and carefully. *See University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426, 429 (1961). Such a device should be used only in compelling circumstances. *See Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex.1986). The party seeking the injunction has the burden of showing that a clear equity demands the injunction. *Id.* The decision to grant or deny an injunction is within the

sound discretion of the trial court. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993). In reviewing the trial court's order, the appellate court should draw inferences from the evidence in the manner most favorable to the trial court's ruling. *See James v. Wall*, 783 S.W.2d 615, 619 (Tex.App.—Houston [14th Dist.] 1989, no writ).

■ An anti-suit injunction is appropriate only to (1) address a threat to the court's jurisdiction; (2) prevent the evasion of important public policy; (3) prevent a multiplicity of suits; or (4) protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex.1996). It appears that Unocal's principal basis for the injunction was that Bridas' suit threatened "vexatious or harassing litigation."

■ Some of the strongest evidence supporting an anti-suit injunction against Bridas comes from Bridas itself. When Unocal filed its suit in Turkmenistan, in its sworn application for temporary injunction, Bridas emphatically maintained that:

— the Fort Bend court is vested with "exclusive jurisdiction over this controversy between the parties" and "[i]t is improper for Unocal to thwart, subvert and defeat the jurisdiction of this court by filing a foreign action."

— Unocal's single, parallel, concurrent action against it in Afghanistan is "vexatious and oppressive" and "smacks of cynicism, harassment, and delay."

Unocal contends that Bridas is now judicially estopped to deny the foregoing. The elements required to trigger judicial estoppel are: (1) the sworn, prior inconsistent statement must have been made in a judicial proceeding; (2) the party now sought to be estopped must have successfully

maintained the prior position; (3) the prior inconsistent statement must not have been made inadvertently or by mistake, fraud or duress; and (4) the statement must be deliberate, clear, and unequivocal. *See Huckin v. Connor*, 928 S.W.2d 180, 182–83 (Tex.App.-Houston [14th Dist.] 1996, writ denied).

■ We agree with Unocal that the elements of judicial estoppel are fulfilled with respect to the Fort Bend court having "exclusive jurisdiction" over the controversy. Bridas was successful in having the court assume "exclusive jurisdiction" over this controversy and the controversy in the Fort Bend case is the same as in the threatened Afghanistan suit. Bridas is now estopped to assert that the Fort Bend District Court does not have the jurisdiction[3] over the controversy it asserted or that invoking the foreign jurisdiction would not thwart, subvert and defeat the jurisdiction of the Fort Bend District Court.

We are reticent to find that Bridas is judicially estopped to deny that its threatened suit in Afghanistan would be "vexatious and oppressive" although it earlier asserted the same about Unocal's suit. Though the suits and issues are essentially identical in substance, they nonetheless offer slightly different circumstances. Therefore, the technical requirements of judicial estoppel may not be satisfied. However, Bridas' unequivocal and repeated admissions that Unocal's litigation was "vexatious and oppressive" provided additional evidence for the trial court to conclude that Bridas' threatened additional suit was no less pernicious. Bridas' assertion that Unocal's suit was "vexatious and oppressive" applies *a fortiori* against itself when Unocal has now successfully obtained a favorable final judgment in the court where Bridas chose to litigate and to convincingly demand exclusive jurisdiction.

---

3. The "exclusive jurisdiction" language is that of the parties, not ours. We are not holding that only the 268th District Court had jurisdiction. Once Bridas created this "law of the case," it is estopped to reverse this position, sua sponte, unless of course the court is without jurisdiction.

In this light, we fail to see how Bridas with a straight face would assert that the same trial court which granted an anti-suit injunction in its favor abused its discretion in finding that Bridas' threatened virtually twin action would likewise be vexatious or harassing.[4]

Bridas also contended that principles of comity prevented the trial court from issuing an anti-suit injunction.[5] Comity is a principle under which the courts of one jurisdiction give effect to the laws of another jurisdiction not as a rule of law, but rather out of deference or respect. *See Hawsey v. Louisiana Dep't of Social Servs.*, 934 S.W.2d 723, 726 (Tex.App.-Houston [1st Dist.] 1996, writ denied). Generally, it is appropriate for courts to apply the comity doctrine where another court has exercised jurisdiction over the matter. *See Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 30–31 (Tex.1998). We are aware of no authority that would have a court, after rendering final judgment, defer to a foreign court for some *in futuro* action. If anything, we would expect the foreign jurisdiction to invoke comity in the Texas court's favor had Bridas carried out its threat. *Cf. Gannon*, 706 S.W.2d at 307 (once final judgment is reached in one of the actions, the second forum is usually obliged to respect the prior adjudication under the rules regarding the enforcement of final judgments); *Pursley v. Ussery*, 937 S.W.2d 566, 567–68 (Tex.App.-San Antonio 1996, no writ) (under the principles of comity, a court should not be permitted to interfere with the final judgment of another court). Thus we see no basis on which to invoke comity.

Bridas also complained that the court erred because Unocal was unable to show a plea of *res judicata* in the foreign court would not provide an adequate remedy at law. We disagree. Unocal produced evidence that a *res judicata* plea in Afghanistan may not provide an adequate remedy at law. First, after Bridas threatened to file suit against Unocal in Afghanistan, counsel for Unocal faxed counsel for Bridas an elegantly worded note: "Dear Murray: Ever heard of *res judicata?*" Counsel for Bridas responded, in part: "A more salient inquiry is whether the courts of Afghanistan have ever heard of *res judicata.*" Second, Unocal provided the trial court with an English translation of the *Mejelle*, which is regarded as a source of law in Arab countries.[6] Section 1838 of the *Mejelle* provides that judgments not conforming with "Sher principles" may be reheard. Section 1839 made provisions for one who is dissatisfied with a judgment to have it "annulled" if not "in conformity with the principles of the Law."

We believe that Bridas' counsel's letter and the cited portions of the *Mejelle* provided the trial court with evidence that its judgment may not be given preclusive effect in an Afghan court. Thus, when viewed in the light most favorable to Unocal, the record supports the trial court's finding that a plea of *res judicata* would not necessarily provide Unocal an adequate remedy at law.

Unocal produced sufficient evidence that Bridas' threatened suit was vexatious or harassing under the *Golden Rule* standard. In short, the proof clearly showed that Bridas intended to disregard the jurisdiction of the court it emphatically insisted upon, and attempt to circumvent its

4. As the court in *State Farm Fire & Cas. Co. v. Simmons*, 857 S.W.2d 126, 143 (Tex.App.-Beaumont 1993) aptly observed: "There is an old axiom, not in law, unspoken, but perhaps underlying all equitable principals, which holds: 'What's sauce for the goose is sauce for the gander.'"

5. We also note that when moving to enjoin the Unocal action, Bridas asserted that "no

principle of comity should allow Unocal to interfere with this court's jurisdiction."

6. The trial court may consider any material or source, whether or not submitted by a party or admissible under the rules of evidence, to determine the law of a foreign nation. *See* Tex.R. Evid. 203.

final judgment. Unocal would have been subjected to once again litigate the same matter in a foreign jurisdiction where a plea of *res judicata* could likely to fall on deaf ears. This represents more "vexatious and oppressive" acts than Bridas had successfully enjoined. We therefore hold the trial court did not abuse its discretion in granting Unocal's anti-suit injunction. Bridas' second issue is overruled.

Unocal has filed a Conditional Motion for Temporary Injunction. Because we hold the trial court's injunction was proper, we do not reach the motion.[7] The judgment of the trial court is affirmed.

---

7. Bridas argues that if any court has jurisdiction to grant an anti-suit injunction while the case is on appeal, it is the appellate court where the case is pending. Though we do not decide whether this court is empowered under these circumstances to grant such an injunction, we note there is authority that suggests otherwise. *See, e.g., EMW Mfg.*, 724 S.W.2d at 426 (appellate court has no jurisdiction to issue writ of injunction merely to preserve status quo or prevent damage to one of the parties pending appeal). We also observe that as a practical matter, the trial court is generally a superior forum to adjudicate whether injunctive relief is appropriate because of its ability to hear evidence and act with greater dispatch.