## J. B. FARTHING LUMBER CO. et al. v. GREENWOOD et al. (No. 7425.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1917.)

COMPROMISE AND SETTLEMENT ⬅12—COSTS— ATTORNEY FEE.

G. and others applied for a receivership of two corporations. Before a hearing, all plaintiffs but G. were dismissed from the suit. The court, upon agreement of G. and defendants, appointed a receiver. The property was advertised for sale, but before one had taken place G. and F., the only real parties in interest, entered into a settlement by which G. "does hereby release" the corporations "from any and all

claims of whatsoever character that he may have against them, and declare the same forever satisfied." After this settlement G. filed a claim in the receivership case for reimbursement for attorney's fees. *Held*, that he alone was liable for such fees.

Appeal from District Court, Harris County.

Suit by B. F. Greenwood and others against the J. B. Farthing Lumber Company and others. From an order of the court allowing attorney's fees upon the application of plaintiff named, defendants appeal. Reversed and rendered.

Huggins & Kayser, of Houston, for appellants. Fisher, Campbell & Amerman, of Houston, for appellees.

GRAVES, J. This appeal is prosecuted from a judgment of the trial court allowing an attorney's fee of $250 to Fisher, Campbell & Amerman for services rendered in filing the original petition for a receivership in the suit. The fee was allowed at the instance and upon the application of B. F. Greenwood, one of the plaintiffs in the receivership proceeding, in which it was alleged that he had instituted that proceeding for the benefit of himself and of the creditors of the two corporations, Farthing Lumber Company, and the Farwood Realty Company, appellants; that he had employed this firm of attorneys to file the petition therein, and that their services had been for the benefit, not only of himself, but also of both appellant corporations and of their creditors. The prayer was for a reasonable allowance to the named attorneys for their services, with request that it be taxed as part of the costs in the cause. No formal answer was filed by appellants to this application for the fee; but they contested it below, and excepted to, and have prosecuted this appeal from, the judgment allowing it.

The original petition for receivership had been filed by appellee Greenwood, a stockholder owning 50 per cent. of the entire stock of both appellant corporations, and Illig and wife, judgment creditors of one of the latter, in the amount of $460. In addition to appellants, the National Bank of Commerce, J. B. Farthing, and another had been made defendants, and among other grounds for receivership it was alleged that J. B. Farthing owned the other entire one-half of the stock of both corporations, and that there was such disagreement, dissension, and lack of co-operation between these two single holders of the entire stock of both corporations that neither could assume authoritative control and management thereof, nor could the business of the companies on that account be carried forward. With much particularity it was in effect averred that these irreconcilable differences between the two equally entitled owners of both concerns had practically produced a complete deadlock in the further operation of both. Next day after its filing,

and before the hearing of this application for receivership, plaintiffs Illig and wife were paid by the Farthing Lumber Company the full amount of their claim, executed a receipt accordingly, and were dismissed from the suit; likewise at a subsequent date, the Bank of Commerce was dismissed. After this retirement of Illig and wife as the only other plaintiffs, however, the court on December 17, 1915, as upon agreement of the remaining plaintiff, appellee Greenwood, and the defendants, appointed a receiver. The receiver operated the property until June 29, 1916, several creditors having in the meantime intervened, when the court ordered him to advertise all the property for sale on July 10, 1916, to the highest bidder; but on the day for sale, and before one had taken place, appellee Greenwood and J. B. Farthing had reached an agreed settlement of all controversies between them in the suit, evidenced by a written contract of settlement of that date, July 10, 1916.

While we deem it unnecessary to recite the full provisions of this contract, the very preamble of it shows, although the two corporations were nominally parties, that appellee Greenwood and J. B. Farthing were the only real parties at interest in the entire receivership litigation, notwithstanding its necessary prosecution through the forms and procedure appertaining to corporations, the machinery by and through which their property and interests were held and operated. They provided in it that Greenwood should have certain specific properties and considerations, in return for the sale of his half of the stock in both companies to Farthing and his consequent retirement from any further connection with either, all of which considerations he got, and then in the concluding paragraphs agreed as follows:

"It is agreed by and between J. B. Farthing and B. F. Greenwood that each will at once and immediately proceed to carry out and fulfill the terms of this contract and agreement one with the other.

"In consideration of the conveyance to him of the real estate, notes, and accounts hereinabove mentioned, the said B. F. Greenwood does hereby release said J. B. Farthing, Farwood Realty Company, and the J. B. Farthing Lumber Company from any and all claims of whatsoever character that he may have against them, and declares the same forever satisfied."

The record shows that this settlement had only been effectuated late in the day of July 10th, and that on the next day, July 11th, the court entered its order allowing the attorney's fee complained of by this appeal, which was at the same time a general judgment of dismissal of all proceedings in the suit at the cost of appellants, without ordering any sale of the properties or taking any action with reference to creditors; the decree containing this recitation:

"It developed, however, that since said settlement the plaintiff B. F. Greenwood, had filed herein a claim to reimburse him for expenses incurred by him for attorney's fees herein, and the plaintiff submitted the same to the court,

and the defendants J. B. Farthing Lumber Company and Farwood Realty Company insisted that the same had been settled by the agreement of settlement, and resisted the allowance of same. The said claim of the plaintiff Greenwood was then submitted to the court, and evidence heard thereon, and the same being heard and considered by the court, and the court being in all things advised, is of the opinion that said claim should be allowed and taxed as a part of the costs herein."

Appellants attack the judgment allowing the fee upon the same ground in this court, and we think their position well taken. After a full review of the entire record, the conclusion is forced upon us that, in its essential essence, this litigation was but the expression through the necessary legal forms of the utter inability of the two individuals, Greenwood and Farthing, each owning through his stock an equal undivided half interest in the properties, to agree as to the management and conduct thereof; that this unfortunate situation, and it alone, furnished the only excuse for a receivership over the properties; that the corporations were far from being insolvent, were amply able to take care of all their debts; and that no creditor had before, nor even after, the receivership pressed for the collection of any debt through litigation, but those who intervened in that proceeding had been satisfied to allow the receivership dismissed without any action looking to the payment of their claims, the moment the individual stockholders, Greenwood and Farthing, agreed to settle their differences.

Looking from what thus gave rise to this receivership to its effects, we also find an utter absence of any service performed or benefit secured by means of it for any creditor, or even for any other stockholder than appellee Greenwood himself. It cannot be said that the fee accrued for service performed in behalf of the creditors Illig and wife, because, as above shown, they had been paid in full and dismissed from the suit before the appointment of the receiver. Furthermore, not only was there not a single creditor paid through this receivership, but there was no fund or property arrested, secured, or impounded by it for the benefit of creditors or stockholders, and out of which the fee allowed was to be paid; only the same assets the companies had before were administered through it to the extent already stated, and its net result was to reduce them by just the costs of that proceeding and the amounts paid to Greenwood for his stock, and possibly to the Illigs for their judgment.

In the light of the facts recited, the purposes and meaning of the contract of settlement itself become much clearer than its words alone; while neither costs of court, including the receivers' fee, nor any attorney's fees, are specifically mentioned in this written contract, in their oral agreement effectuating and carrying out the details of the settlement evidenced by it, the attorneys for both Greenwood and Farthing talked over the receivers' fee and the other court costs, which it was mutually understood between them would only amount to the usual nominal sum in such matters, a few dollars, and it was agreed that appellants would pay these small items. No suggestion was made that attorney's fees for filing the petition in the receivership case would be or were claimed, and consequently no discussion about nor reference to any such claim occurred. It passes our comprehension that, under these circumstances, any such fee, or the possibility of its being allowed to still further reduce the properties left in Farthing's hands after his payment to Greenwood for the latter's full half, could have been within the contemplation of either of these two in making this settlement they did; but we think the wording of their contract, as thus illuminated, plainly indicates the contrary, and that the prompt filing of his application for such an attorney's fee on the very next day after thus settling every claim he had against his opponent in the litigation must have been an afterthought upon appellee's part.

When applied to the developed facts of this case, we do not think the allowance of this fee can be sustained under the principles announced in the following cases, cited and relied upon by appellee Greenwood: Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central R. & B. Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915, especially first column, p. 918; Cowdrey v. Galveston, Houston & Henderson R. R. Co., 93 U. S. 352, 23 L. Ed. 950. As stated in all of these cases, and as recognized by appellee in his brief, the theory upon which an attorney's fee is allowed in a case of this character is by way of reimbursement to the petitioning creditor for the service performed through his attorney for the use of other creditors similarly situated. The dominating consideration is that the distinct service of the one who files the petition is of value to the other creditors similarly situated, and this diligent creditor is entitled to force the other creditors to ratably share the expense of his efforts with him. To restate the matter in another way, the principle is that, when a creditor has by his diligence filed a suit and impounded property in the custody of the court, and by his diligence secured it for application to his claim and the claims of other creditors of the same class, he is entitled to force the other creditors to contribute out of this fund to the payment of a reasonable attorney's fee for the service rendered; the theory being that the attorney performing the service for his own individual claim performs a like service for each other creditor similarly situated.

But, as our statement of the facts has shown, no such a condition prevailed here; but, upon the other hand, the entire fee was to come out of the residue of Farthing's half of the property and assets of their two jointly and equally owned companies, after Greenwood had gotten his full share and had in

writing so acknowledged. Believing that the record shows allowance of the attorney's fee to have been improperly made, since the facts were all fully developed, the trial court's judgment making such allowance will be reversed, and judgment here rendered for appellants.

Reversed and rendered.