**LLOYDS OF TEXAS et al. v. BOBBITT, Attorney General, et al.**

**No. 1573—6069.**

Commission of Appeals of Texas, Section B.

Dec. 22, 1932.

Critz & Woodward, of Coleman, Phillips, Trammell, Chizum, Price & Estes and Clayton L. Orn, all of Fort Worth, J. D. Barker, of Cisco, Alvin C. Owsley, of Denton, Goggans & Allison, of Dallas, Wagstaff, Harwell, Wagstaff & Douthit and York & Camp, all of Abilene, John B. Daniel, of Temple,'and Renfro, Ledbetter· & McCombs, of Dallas, for plaintiffs in error.

James V. Allred, Atty. Gen., Everett L. Looney, Asst. Atty. Gen., and McBride, O'-Donnell & Hamilton, of Dallas, for defendants in error.

RYAN, J.

Lloyds of Texas was a Lloyds insurance organization created under the provisions of chapter 19, title 78, Rev. Civ. Stat.; the exchange was located in the city of Dallas.

After an examination of its affairs on March 29, 1930, the department of insurance concluded that the reserves of the organization, required by statute to be maintained, had been exhausted and that it, measured by statutory tests of solvency in relation thereto, was insolvent. A meeting of all the subscribers (underwriters) and the statutory attorney in fact was thereupon called by the chairman of the board of insurance commissioners, which was held in Dallas on April 14, 1930. Approximately 70 per cent. of the underwriters, as well as the attorney in fact, were present. The financial condition of the organization was gone over at that meeting, with the result that the underwriters present unanimously voted to place the affairs of the concern in the hands of the insurance department. The resolution as adopted was that the insurance commissioner take over the exchange and appoint an agent to take charge of its affairs and'reinsure such policies as could be reinsured; he was directed to cancel all undesirable policies and otherwise liquidate the affairs as in the commissioner's judgment would be to the best interests of the underwriters. All powers of attorney held by the attorney in fact were canceled, the attorney

in fact resigned, all books and records of the concern were turned over to the insurance department, and a vote of thanks extended to the department for the manner in which the investigation had been handled and for bringing the matter to the attention of the underwriters.

The insurance department took over the affairs of the concern and attempted to effect reinsurance of all the insurance on its books, but without success, and after efforts to liquidate it had failed, this proceeding was brought by the Attorney General at the request of the board of insurance commissioners as provided by Acts 1929, 41st Leg., 1st Called Sess., p. 32, c. 11, § 1 (see Vernon's Ann. Civ. St. art. 5022). The underwriters, the attorney in fact, and the concern itself, were named as defendants, its insolvency was alleged, the proceedings of the meeting of the interested parties were set forth, the failure to effect a reinsurance was averred, and a receivership was prayed for to wind up the concern.

The specific prayer was as follows: "Wherefore premises considered, petitioner prays that a receiver be appointed to wind up the affairs of such above named underwriters as Lloyds of Texas, as provided by Article 5022, Revised Civil Statutes of 1925, as amended by Acts of 1929, 41st Legislature, First Called Session, page 32, Chapter 11, Section 1, and for such other relief, as may appear proper to the court under the premises."

Said petition was filed on May 16, 1930, when on an ex parte hearing, without notice to the defendants, the district court, after finding "from the petition and from evidence adduced before him in connection therewith" that said Lloyds of Texas is insolvent, that the board of insurance commissioners have taken over its affairs, and that a necessity exists for the appointment of a receiver to wind up its affairs, "ordered, adjudged and decreed that W. D. Prince, be and he is hereby appointed by the court, Receiver to take charge of all the assets of said Lloyds of Texas, to collect all past due accounts owing to said Lloyds of Texas, and to do and perform under the orders of this court such other and further acts as to such receiver from time to time may appear to be necessary and proper."

It was further ordered "that citation issue herein as provided by law citing the defendants to appear at the next term of this court to show cause why this receivership should not be continued in force." The receiver's bond fixed at the sum of $5,000, given by him, was approved by the court, and he entered upon the discharge of his duties.

No appeal was prosecuted from the above order, and the defendants, though cited to appear at the next regular (June) term of court, made no appearance thereat.

At the following term of court, which convened on the first Monday in October (article 199, Rev. St. 1925 (as amended by Acts 1930, 5th Called Sess., c. 71 [Vernon's Ann. Civ. St. art. 199]), the defendants, on December 9, 1930, filed motion to vacate the receivership and remove the receiver. This motion was amended on December 23, 1930, and defendants "specially appearing herein for the purpose of showing cause why the receivership should not be continued in force as ordered by this Honorable Court on May 16, 1930, and for the purpose of moving to vacate the order heretofore entered on May 16, 1930, appointing a receiver," pleaded general and special exceptions, general denial, and certain special defenses not necessary to here enumerate.

The prayer was: "Wherefore, having fully answered these defendants pray that said order of May 16, 1930, and all subsequent orders be vacated and set aside and that this suit be dismissed, and specially do these defendants pray for the discharge of the defendant W. D. Prince as receiver, and for such other and further relief as they may show themselves entitled in law and in equity."

On December 23, 1930, a hearing of the motion to vacate the receivership and to dismiss the suit was had, when the court heard evidence and entered the following order:

"The court is of the opinion that the named defendants have failed to show cause why the receivership should not be continued in force and that the motion filed by said defendants to vacate and set aside the order appointing the Receiver and to dismiss the suit is without merit, and that it should be overruled, and the Court is also of the opinion that the motion to discharge and remove the Receiver, W. D. Prince, should be in all things overruled.

"It is, therefore, accordingly ordered, adjudged and decreed by the Court that said motion to vacate the order appointing the Receiver and to dismiss the suit is in all things overruled. It is further ordered, adjudged and decreed by the Court that the motion to discharge and remove the Receiver, W. D. Prince, be, and the same is, in all things by the Court overruled.

"To which action, ruling and judgment of the Court the above named defendants then and there in open court duly excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas."

Such appeal was perfected by the filing and approval of defendants' appeal cost bond, on January 9, 1931.

The Court of Civil Appeals affirmed the judgment below [40 S.W.(2d) 897], and the case is before us on application for writ of error.

This is an appeal from an interlocutory order of the district court refusing to vacate a

receivership and remove the receiver theretofore appointed, authorized under article 2250, Rev. St. 1925, in which class of cases the judgment of the Court of Civil Appeals is final. Article 1821, subd. 6, Rev. Civ. Stat. 1925, as amended by Acts 1929, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1821, subd. 6).

A "receiver" is a person appointed by the court to preserve property in question pendente lite. Myers v. Occidental Oil Corporation (D. C.) 288 F. 997.

The jurisdiction of the Supreme Court extends only to questions of law arising in certain classes of cases brought to the Courts of Civil Appeals from *final* judgments of trial courts (article 1728, Rev. Civ. Stat. 1925), and to cases involving the granting or refusal of temporary injunction and motions to dissolve same, but the latter is only because of the special provisions of article 4662, Rev. Civ. Stat. 1925. Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075; Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597; McFarland v. Hammond, 106 Tex. 579, 173 S. W. 645; Cole v. State of Texas, 106 Tex. 472, 170 S. W. 1036.

In the instant case no final judgment was rendered in the trial court and no question of injunction is involved.

The purpose of this suit is to wind up the Lloyds of Texas, sell its property, and pay off its indebtedness. The receivership is only ancillary to that end. Alto Cotton Oil Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513.

■ That an order appointing a receiver is not a final judgment is well settled. 53 C. J. p. 21; 23 R. C. L. p. 45. A receiver is simply an agency of the court appointing him to perform certain duties subject to the court's further orders. Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262; Brown v. Warner, 78 Tex. 543, 14 S. W. 1032, 11 L. R. A. 394, 22 Am. St. Rep. 67; Houston, E. & W. T. Railway Co. v. Campbell, 91 Tex. 551, 45 S. W. 2, 43 L. R. A. 225; Texas & P. Railway Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52.

Our statute (article 2250, Rev. Civ. Stat. 1925) recognizes as an interlocutory order, only, the appointment of a receiver and the overruling of a motion to vacate such order.

As said by Judge Hamilton of this section of the Commission of Appeals, in Leyhe v. McNamara, 243 S. W. 1074, further action of the court is necessary to give completely the relief contemplated by the court; the appointment of a receiver is part of the final judgment which has not yet been completed and cannot be completed until an accounting is had, the report of the receiver is made, debts paid, the effects of the concern, if any, divided and apportioned, and an appeal in that case was held to be merely from an interlocutory order appointing a receiver, in which the

judgment of the Court of Civil Appeals is final.

■ So here, the order refusing to vacate the receivership and dismiss the suit simply continues the receivership subject to the further orders of the court, and is not a final judgment from which an appeal lies to the Supreme Court. Smith v. Laman (Tex. Civ. App.) 143 S. W. 304; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Southwell v. Church, 51 Tex. Civ. App. 547, 111 S. W. 969; 53 C. J. p. 80.

We recommend that the writ of error be dismissed for want of jurisdiction to hear the case.

CURETON, C. J.

The writ of error heretofore granted is dismissed, as recommended by the Commission of Appeals.