### FIRE PROTECTION CO. OF AMERICA v. STATE.
### No. 7939.

Court of Civil Appeals of Texas. Austin.
March 29, 1933.

Rehearing Denied April 19, 1933.

Andrews, Streetman, Logue & Mobley and Daffan Gilmer, all of Houston, for appellant.

James V. Allred, Atty. Gen., and Sidney Benbow, Asst. Atty. Gen., for the State.

BLAIR, Justice.

This appeal is from an order overruling appellant's motion to vacate an order appointing a receiver to take charge of the properties and wind up the affairs and business transacted in this state by appellant, a Delaware corporation. The receivership arose as follows: A suit was filed by the Attorney General at the instance and request of the board of insurance commissioners of Texas, the petition alleging that appellant, a Delaware corporation, had obtained a permit to engage in the fire insurance business in Texas, which permit expired in October, 1931; that while its permit was in force, it had written many policies of insurance; that it had not renewed its permit and had abandoned its insurance business; that it was hopelessly insolvent; that it had many outstanding obligations in the state of Texas, which it was not attempting to discharge; that it had attempted to release obligations owing to it by other associations, partnerships, or corporations, whose officers were also officers of appellant, in fraud of the rights of creditors and policyholders of appellant. That appellant had never written insurance except in Texas and had abandoned any purpose of writing insurance, and was making no effort to preserve its properties or discharge its obligations; that it had numerous outstanding policies of insurance in this state which it had attempted to reinsure with a certain company, but had not paid the reinsurance premiums, and for that reason the reinsurance company was about to cancel all of said policies, to the damage of the policyholders in this state.

Upon these allegations of fact which were duly sworn to, appellee prayed for the appointment of a receiver to take charge of the affairs and property of appellant within this state, for the purpose of protecting the rights and interest of the creditors and policyholders of appellant in this state. The receiver was appointed after notice and hearing.

Appellant contends that the trial court erred in overruling its motion to vacate the receivership upon the following grounds:

■ 1. That since appellant is a foreign corporation without a permit to do business in Texas, the Attorney General had no authority to institute this suit in the nature of quo warranto proceedings against appellant, and that such proceedings cannot support the order of the court appointing the receiver of such foreign corporation. This contention is not sustained.

The nature and main purpose of the Attorney General's suit was to wind up the business affairs and subject the properties to the discharge of the corporation's obligations contracted while it had a legal permit to transact the business and incur the obligations. By obtaining its permit to do business in Texas, appellant necessarily subjected its business transactions and obligations to the jurisdiction of the courts, and manifestly appellant cannot oust that jurisdiction of the courts by merely refusing to renew its permit, thereby rendering itself a foreign corporation without a permit to do business in Texas.

2. That the appointment of a receiver is essentially ancillary to a substantial cause of action in favor of the party seeking the receivership, and is not available here where no such cause of action is made to appear, or where no redress independent of the receivership is prayed, or where the interest of complainant did not imperatively require the receivership to effectuate the relief sought by the suit out of which the receivership issued. This contention is not sustained.

■■ There is no dispute as to the rule of law announced by the many authorities cited by appellant to the effect that while the appointment "of a receiver may be a part of the relief asked, such appointment is not final relief, nor is it the end or object of litigation; it is merely an ancillary, auxiliary, incidental and provisional remedy, allowable only in, or in connection with, an action pending for some other purpose, and in which there is a prayer for other and final or ultimate relief." 1 Smith's Law and Procedure of Receivers (2d Ed.) 50. Such rule of law is well settled in Texas. United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550, and cases there cited. We differ, however, with appellant's interpretation of the Attorney General's petition as not alleg-

ing any cause of action for other relief to which the receivership is ancillary. The main purpose of the suit was to wind up the affairs of appellant legally contracted while it had a permit to do business in Texas. That is, to sell its properties and pay off its debts. The receivership is only ancillary to that end. Lloyds of Texas v. Bobbitt (Tex. Com. App.) 55 S.W.(2d) 803; State v. Robinson (Tex. Civ. App.) 42 S.W.(2d) 457; State ex rel. Missouri Life Ins. Co. v. Hall (Mo. Sup.) 52 S.W.(2d) 174. These cases are similar on point of fact with the instant case. They hold that a receiver may be appointed for the purpose of winding up the affairs of an insolvent insurance company in a state. Appellant contends, however, that these cases are distinguishable because of the fact that appellant did not have a permit to do business in Texas at the time this suit was instituted, and the receiver appointed. A foreign corporation cannot contract debts and obligations during the period it is legally authorized to do business in Texas, then abandon and refuse to do business in Texas and seek to dispose of its properties in Texas without attempting to discharge its contracts and obligations with Texas citizens, and claim immunity to the jurisdiction of the Texas courts because it is a foreign corporation without a permit to do business in Texas.

Nor do we sustain appellant's contention in this connection that no creditor of appellant is shown to have instituted this suit or caused it to be instituted. The suit was instituted by and at the request of the board of insurance commissioners of Texas, through the Attorney General under the provisions of article 4691, R. S. 1925, which make it the duty of said board to examine into the affairs of insurance companies doing business in Texas; and where the facts warrant, to institute proceedings for the purpose of closing up the affairs of an insolvent insurance company; and which further provides that such suit shall only be maintained by the board of commissioners through the Attorney General. It is true this statute further recites that it relates to "any such insurance company organized under the laws of this state." However, article 5068, R. S., provides that all foreign corporations seeking a permit to do business in Texas or to contract or write insurance within this state shall be held to have assented to the conditions of this statute as a condition precedent to engage in the insurance business within this state. And manifestly the insurance commissioner and the Attorney General do not lose their authority to close up the affairs of an insolvent insurance company merely because it has refused to take out a permit to continue busi-

ness and has attempted to abandon its business legally written in Texas.

■ 3. That in providing the board of insurance commissioners of Texas with statutory authority to administer the affairs of insolvent foreign insurance corporations permitted to do business in Texas, a complete protection was thereby given to all policyholders or creditors; and that the appointment of the receiver herein was unlawful and usurped the authority so vested in the board. Article 4925, R. S. 1925. The board alleged that the policyholders and creditors were not adequately protected; and that appellant was attempting to dispose of its property without paying its obligations. The board is not authorized by the statute cited, or any other statute, to take charge of appellant's properties and apply them to payment of its debts as an administrative function of the board; but to so apply the properties to the discharge of the debts a court proceeding like the one here instituted is required. The protection given under the bond required by this statute to be filed with the board is not exclusive remedy in case of insolvency; but other statutes of this state authorize the institution of proceedings by the board through the Attorney General to close up the affairs of an insolvent insurance company. Article 4691, R. S. 1925. It may also be observed here that appellant neither alleged nor proved, on its motion to vacate the receivership, that it had executed the bond required by article 4925; or that the policyholders and creditors were adequately protected by it. Absent such allegations and proof thereof by the appellant, we think the allegations and proof by the board that the policyholders and creditors of appellant had no adequate remedy and would suffer irreparable damages unless the properties of appellant were applied to payment of reinsurance premiums and debts, authorized this suit to so apply the properties, and the appointment of the receiver as ancillary to that end.

■ 4. That the receiver appointed was disqualified to accept the appointment.

The disqualification of the receiver was an issue presented to the trial court, and by it determined against the contention of appellant. We find no evidence in the record which would authorize us to set aside this decision of the trial court; nor do we find any evidence of an abuse of the discretionary power of the trial court to appoint the receiver named.

The judgment of the trial court will be affirmed.

Affirmed.