## PRINCE v. FORMAN.

### No. 12435.

Court of Civil Appeals of Texas. Dallas.

July 2, 1938.

Rehearing Denied July 30, 1938.

Burford, Ryburn, Hincks & Charlton, Logan Ford and Hamilton, Lipscomb, Wood & Swift, all of Dallas, for appellant.

Joseph W. Hale, of Waco, for appellee.

LOONEY, Justice.

The proceedings ante-dating and producing this appeal are these: the Attorney General of the State filed suit in the court below against the Lloyds of Texas, the individual subscribers and their attorneys in fact to wind up the affairs of the exchange on the ground that it was insolvent, and as an ancillary remedy sought the appointment of a receiver. On May 16, 1930 the court below appointed W. D. Prince receiver, with full authority to take charge of all assets of the exchange, collect past-due accounts, and, as ordered by the court from time to time, to do and perform other and further necessary and proper acts. The receiver qualified, took possession of the records and assets of the exchange, and entered actively upon the discharge of the duties of his office. From an order refusing to vacate the receivership and remove the receiver, an appeal was taken to this court, where the action of the trial court was affirmed. See Lloyds of Texas v. Bobbitt, 40 S.W.2d 897. An application for writ of error was dismissed by the Supreme Court, for want of jurisdiction, with a written opinion. See 55 S.W.2d 803.

Dr. Frank Forman, a resident of McLennan County, one of the underwriters, having subscribed for five units ($1,000 each) of the stock, paying at the time of the subscription $750 cash (15 percent of the subscription), deposited two certificates of ten shares each of the stock of the Pioneer Building & Loan Association of Waco, McLennan County, of the value of $1,-250 (25 percent of the subscription) and executed a non-negotiable, non-interest bearing note for $3,000, balance of the subscription. The note was payable to Thomas Investment Company, a corporation, attorney in fact of the Lloyds of Texas, and also the cash was paid and securities delivered to said association, as attorney in fact.

On June 10, 1930, Dr. Forman instituted a suit in the 19th Judicial District Court of McLennan County against Prince as receiver, and others, including the Pioneer Building & Loan Association, seeking cancellation of his subscription contract to the Lloyds of Texas, the recovery of the amount of cash paid on the subscription, the cancellation of his note for $3,000, and the recovery of the two certificates of stock in the loan association, and to enjoin the association from transferring upon its books the certificates of stock to any other person (at the time standing in the name of Dr. Forman), on the alleged ground of fraud—that is, alleging that the subscription contract, the payment of cash, the delivery of the certificates of stock, and the execution of the note were induced by fraud perpetrated in McLennan County— that is, by certain false and fraudulent representations made to plaintiff by an agent and solicitor of the association, inducing plaintiff to subscribe, make the cash payment, deliver the securities and execute the note in question. The district judge

issued a temporary injunction as prayed, restraining the Building & Loan Association from transferring the stock certificates.

Thereafter, on July 2, 1930, Prince as receiver filed an application in the original receivership (pending in the 44th District Court of Dallas County), praying for an injunction restraining Dr. Forman and his attorneys from prosecuting the suit filed in the 19th Judicial District Court at Waco, and from taking any action therein, alleging, in substance, that the 44th District Court had acquired jurisdiction of the subject-matter, and that the prosecution of the suit in the 19th District Court was an invasion of the jurisdiction of the 44th District Court; and that, unless enjoined, the subject-matter of the receivership suit in the District Court would be destroyed and the receivership rendered futile. The judge of the 44th District Court issued the writ of injunction as prayed, and Dr. Forman and his attorneys were directed to obtain no orders in said cause, other than an order dismissing the same. This order was not appealed from and, so far as disclosed by the record, the injunction has been obeyed; however, the suit of Forman against Prince and others, pending in the 19th District Court, is in same status as when its further prosecution was enjoined.

On May 26, 1934, the court below entered an order in the receivership suit, authorizing and directing the receiver to file suits against the several subscribers to the Lloyds of Texas, on their respective liabilities and to recover title to the securities deposited by them. In compliance with this order, the receiver filed suit in the 101st District Court of Dallas County against Dr. Forman (later transferred to the 44th District Court, where the receivership suit was pending), seeking judgment for the amount of his subscription and title to the pledged stock of the Building & Loan Association, or, in the alternative, to recover the value of the stock, together with foreclosure of its pledgee's lien thereon, and for an injunction preventing Dr. Forman from interfering with the sale or other disposition of the securities, etc.

In due time, Forman filed a plea of privilege, asserting his right to be sued in McLennan, the county of his residence. On hearing (February 3, 1936), the plea was overruled and Dr. Forman appealed to this court; the case having been decided on October 10, 1936, affirming the judgment of the trial court. See Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002.

On April 2, 1935, while Dr. Forman's plea of privilege was pending, but before it was acted upon by the trial court (which was on February 3, 1936), the receiver filed a pleading in the receivership suit (being the genesis of the instant appeal), denominated the "original petition in intervention and request for instruction", in which the receiver alleged certain of the precedent facts, among others the following: "Your Receiver would show to the Court that on the following dates, towit: December 14, 1928, Frank Forman executed Articles of Association and delivered same to the Attorney-in-fact representing the various Underwriters, wherein and whereby he became an Underwriter to Lloyds of Texas and contributed to and transferred to the surplus fund or 'guaranty fund' of said Association the following described property: 20 Shares Fully Paid Stock Pioneer Building and Loan Association, Waco, Texas. Shares $100.00 each, being the following certificates: Certificate No. 2107—10 Shares issued to Frank Forman 12–27–27. Certificate 12023—10 Shares issued to Frank Forman 7–29–27 * * *", concluding his allegations as follows: "Your Receiver would further show to the Court that in order to liquidate the Exchange and to disburse the funds thereof to the persons lawfully entitled thereto, it is necessary to adjudicate the title to said property; direct a transfer of said securities on the books of the issuing corporation; order said securities or such other property, as the case may be, sold at private sale for cash at the best price obtainable therefor, —the moneys received therefor to be deposited for further administration and disbursement under the orders of the Court. Wherefore, premises considered, your Receiver prays that the title to the foregoing property be quieted in him; that same be adjudged an asset of said estate, free and clear of any right, title, claim or right of possession whatsoever which said Underwriter may claim in or to same; that your Receiver be authorized and directed to obtain a transfer of said securities on the books of the issuing Company, and that the Underwriter be directed to execute such transfers and assignments as may be necessary to effect title thereto and obtain a transfer of same on the books of the issuing Corporation, and that your Receiver be authorized to sell same at private sale at

the best price obtainable therefor, and for such other and further relief and instructions as your Receiver may be entitled to and the Court deems advisable (Signed) W. D. Prince, Receiver".

It will be observed that the subject-matter of the pleadings just mentioned is also a part of the cause of action declared upon in the suit filed May 26, 1934, in which Dr. Forman's plea of privilege was pending undisposed of; and it will also be noted that the receiver did not pray for the issuance of citation, but seemingly only sought certain orders and instructions as to his duties as receiver.

On November 1, 1935, Dr. Forman appeared in opposition to this plea, alleging the previous history of the litigation, including the pendency of his suit against the receiver and others in the 19th Judicial District Court at Waco; the issuance of an injunction by the 44th District Court on July 2, 1930, enjoining further prosecution of the suit pending in the 19th District Court; the pendency of the suit filed by the receiver in the 101st District (later transferred to the 44th District), and his plea of privilege then pending and undecided therein, insisting that, by reason of the situation presented, the receiver's plea—denominated "original petition of intervention and the request for instructions"—should be abated and dismissed. To the answer filed by Dr. Forman, the receiver filed a lengthy supplemental pleading which, in view of the disposition we make of the case, need not be described in detail.

After Dr. Forman's plea of privilege was overruled by the trial court (February 3, 1936) and was pending on appeal undecided in this court, the receiver filed an amended petition, in the suit against Forman of May 26, 1934, in which he formally abandoned any right to recover in that suit the title to, or foreclosure of a lien upon the 20 shares of stock in the Pioneer Building & Loan Association, seeking therein only the recovery of a personal judgment against Dr. Forman for $4,400, alleging in the amended pleading that the title to the Building & Loan Association stock was in issue in his application (the plea of intervention and request for instructions) then pending in the 44th District Court (the receivership suit). Thus, it appears that, pending final disposition of Forman's plea of privilege, the receiver split his cause of action declared upon in the suit instituted May 26, 1934 and refiled on the abandoned part thereof in his suit filed April 2, 1936, being the institution of the proceedings now under review.

The questions presented in the receiver's plea of intervention and request for instructions, and the answer of Forman thereto, were heard and disposed of by the court, as shown by the following record entry: "On this the 11th day of May, A. D. 1936, came on to be heard the Plea in Intervention and request for Instruction of W. D. Prince, Receiver of Lloyds of Texas, filed herein on the 2d day of April A. D., 1935, the Original Answer of Frank Forman to said Plea in Intervention, one of the parties to this cause, filed herein on the 9th day of November 1935, and the First Supplemental Petition in Intervention of W. D. Prince, Receiver aforesaid, filed herein on the 9th day of May 1936, when came W. D. Prince, Receiver aforesaid, Intervenor herein, and Frank Forman, defendant, by their respective attorneys of record, and announced ready for trial, whereupon defendant presented in the order of their filing his general and special demurrers and pleas in abatement * * ". Here, the entry recites the general and special exceptions urged by the receiver to the defendant's answer, reciting that, after hearing the evidence and argument, the court, on July 2, 1936, overruled defendant's general and special exceptions and plea in abatement, and overruled the receiver's general demurrer, and sustained the receiver's special exceptions to defendant's answer, reciting that: "the case on its merits was by agreement continued until an appeal pending in another and separate suit between the same parties was disposed of (referring to the plea of privilege of Dr. Forman pending on appeal in this court, and decided October 10, 1936); thereafter, on November 16, 1936 the case came on to be considered for disposition when defendant, Forman, again presented his Plea in Abatement No. 6, urging the abatement of these proceedings because of the pendency in the District Court of McLennan County, Texas, Cause No. 30687, styled Frank Forman v. J. P. Irby et al. (being the suit instituted by Forman against Prince, Receiver and others in the 19th Judicial District Court), and the court, over the Receiver's objection, considered same and is of the opinion that the present proceeding should be abated. It is therefore ordered, adjudged and decreed that Defendant's Plea in Abatement urging the

pendency in McLennan County, Texas, of Cause No. 30687, styled Frank Forman v. J. P. Irby et al., be, and the same is hereby sustained, and this action be, and the same is hereby dismissed at Intervenor's cost, to which action of the Court the Intervenor then and there duly excepted and gave notice of appeal to the Court of Civil Appeals for the 5th Supreme Judicial District of Texas, sitting at Dallas (Signed) Towne Young".

Under our view as to the proper disposition of this case, it will not be necessary to discuss the several questions raised by the receiver. His plea of intervention and request for instruction (abated by the trial court), in legal effect, was simply a request made to the appointing court for instructions and directions in regard to the matters presented. The order dismissing same was just another interlocutory order entered in the course of administering the affairs of the receivership—in truth, the appointing order was interlocutory and all administrative orders thereafter entered were likewise interlocutory in nature and not appealable, except as specially provided by statute. See Lloyds of Texas v. Bobbitt, Tex.Com.App., 55 S.W.2d 803.

At all times, a receiver is under the control and direction of the appointing court. In the instant case, the court directed its receiver to file suits against the several subscribers to enforce their respective liabilities and, in obedience to this order, the receiver instituted the suit of May 26, 1934, in which he sought to recover of Dr. Forman the amount of his subscription note and title to the pledged Building & Loan Association stock; or, in the alternative, its value with foreclosure of the pledgee's lien. In this suit, Dr. Forman filed a plea of privilege to be sued in the county of his residence, and during its pendency the instant proceeding was instituted (April 2, 1935) based upon a part only of the cause of action declared on in the original suit of May 26, 1934.

The receiver could have dismissed the cause, thus rendering the plea of privilege moot and, even after the plea was overruled, could have insisted upon a trial of the cause; but did neither, on the contrary split his cause of action, and refiled on the abandoned portion in a new proceeding in a court of same venue as that of the original suit. Without regard to whether or not such procedure was permissible, we are of opinion that the trial court was well

within its discretion in denying its receiver the right to split the cause of action and proceed in the manner proposed.

As recited in the judgment entry, the court abated and dismissed the receiver's plea, because of the pendency of the prior suit filed by Dr. Forman against the receiver and others in the 19th District Court at Waco. Although the court had theretofore enjoined Dr. Forman and his attorneys from prosecuting that suit, on the idea that its further prosecution would be an invasion of the court's jurisdiction in administering the affairs of the receivership —yet, in the very nature of the case, the order granting the injunction was interlocutory in nature and, in our opinion, was no bar to the action of the court in abating the instant proceedings. Whether wisely or correctly done, the order abating and dismissing the proceedings, was clearly within the discretion of the appointing court, and, in the nature of the case, interlocutory, hence not appealable.

■ The freedom of action of the appointing court in receiverships is summarized with full citation of supporting authorities in 36 Tex.Jur. pp. 160, 161, sec. 75, as follows: "The appointing court has jurisdiction, not merely to fix and prescribe the specific powers and duties of the Receiver, but also to control and direct him in the exercise of the authority conferred. In other words, a receiver is under the control, direction or supervision of the appointing court. He is subject to the authority, decrees and orders of that court, at all times and in all things pertaining to the administration of the receivership. So, as a general rule, a receiver must obey the orders of the court in which the receivership is pending—even an order which is erroneous * * *".

■ However, if the order appealed simply abated the plea of the receiver on the ground of the pendency of the suit in the 19th District court, as recited in the order, clearly the same was interlocutory in nature and not appealable. As said by Judge McClendon, in Beacon Oil & Refining Co. v. State, Tex.Civ.App., 56 S.W. 2d 519, "Appeals from interlocutory orders are not allowed except in the specific instances authorized by statute. Our statutes do not allow appeal from interlocutory orders granting or overruling pleas in abatement on the ground of another suit pending. Review of such orders can only be

had in an appeal from a final judgment - * * * ".

So, we conclude that, whether the order sought to be appealed is considered either as one of dismissal or of abatement, nevertheless, the same was interlocutory in nature, and not appealable. For this reason, the appeal is dismissed.

Appeal dismissed.