**Ex parte William Robert GRIFFITTS.**

**No. C–4818.**

Supreme Court of Texas.

April 16, 1986.

Lewis L. Isaacks, Jimmy Atkins, Boyd, Veigel, Gay & McCall, McKinney, for relator.

Ed Brown, Dallas, George Roland, McKinney, Thomas E. O'Connell, Plano, for respondent.

## OPINION

HILL, Chief Justice.

This is an original habeas corpus proceeding. The relator, William Robert Griffitts, was held in contempt by the 199th Judicial District Court of Collin County for failing to deposit all sums under his control as receiver and for failing to file an accounting as required by that court's order dated August 11, 1984. His punishment was a $500 fine, a 180-day jail sentence, and such further confinement until Griffitts purged himself of the contempt by complying with that court's order to deposit the funds and file an accounting. Pending disposition of this case, we released Griffitts from the Collin County jail upon his posting a proper bond as ordered by this court. Now, having concluded that the order of the district court holding Griffitts in contempt was improper, we grant the writ of habeas corpus and order that relator be discharged.

Griffitts is a licensed attorney who was appointed receiver in a case pending in the 199th District Court. In an order dated August 11, 1984, the district court ordered Griffitts to deposit, on or before August 15, 1984, all sums held by him as receiver and to submit, on or before August 15, 1984, an accounting of all income received and expenses incurred on behalf of the receivership from December 17, 1981, until August 15, 1984. The district court found that Griffitts did not comply with this order and held him in contempt. Pursuant to TEX.REV.CIV.STAT.ANN. art. 1911a (now codified at TEX.GOV'T.CODE ANN. § 21.002(d) (Vernon Pamph.1986), Griffitts timely made a written request for a hearing before a judge other than the offended court and further requested that he be released on personal recognizance pending that hearing. The district court denied both requests.

The question before this court is whether a receiver is an "officer of the court" within former Article 1911a. The relevant provision of that article requires that an officer of the court held in contempt shall upon proper notice filed in the offended court be released on personal recognizance pending a determination of his guilt or innocence by a judge of a district court other than the offended court. TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Pamph.1986). Griffitts contends that he is entitled to the protection of former Article 1911a as an officer of the court because of his status as a "receiver." We agree.

Receivers are officers of the court. *De Witt v. Republic National Bank,* 168 S.W.2d 710, 716 (Tex.Civ.App.—Dallas 1943, writ ref'd w.o.m.). They are appointed and act under a oath to faithfully discharge their duties and the orders of the courts who appoint them. TEX.CIV. PRAC. & REM.CODE §§ 64.021–.022 (Ver-

non Pamph.1986). Although receivers derive their powers from several sources, their primary purpose is to aid the courts in protecting the interest of all. *Ex parte Britton,* 127 Tex. 85, 89, 92 S.W.2d 224, 226 (1936); *Prince v. Forman,* 119 S.W.2d 102, 105 (Tex.Civ.App.—Dallas 1938, writ dism'd). This is consistent with their roles as agents of the court into whose custody the property passes upon their appointment as receiver. *Texas Trunk Railroad Co. v. Lewis,* 81 Tex. 1, 8, 16 S.W. 647, 649 (1891).

■ Because a receiver is an officer of the court, the district court erred in denying Griffitts' written request to be released on personal recognizance pending a determination of his guilt or innocence of contempt by a judge of a district court other than the offended court. As an officer of the court, Griffitts was entitled to have his contempt certified to the presiding judge of the First Administrative Judicial District for assignment of another judge to determine Griffitts' guilt or innocence. TEX. GOV'T CODE ANN. § 21.002(d) (Vernon Pamph.1986).

We accordingly grant the writ of habeas corpus and order that relator be discharged.