TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00188-CV







Hill Culpepper, Appellant



v.



Martha Culpepper, Appellee







FROM THE COUNTY COURT OF BELL COUNTY


NO. 18,449, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING







PER CURIAM


 Appellant Hill Culpepper and appellee Martha Culpepper were co-executors of the
estate of Wallace Culpepper, Sr., who was Hill's father and Martha's husband. Hill challenges
a court order that appoints a receiver to administer the estate, orders the receiver to pay Martha
a monthly stipend of $5,000.00, and orders Hill to pay Martha's attorney's fees incurred in
bringing the motion for receivership. We will affirm in part and reverse and render in part.

 By point of error one, Hill complains that the trial court erred in requiring him to
pay attorney's fees Martha incurred in bringing the motion for receivership. We agree. In Texas,
attorney's fees incurred by a party to litigation are generally not recoverable against the other
party in the absence of a statute or a contract so providing. Turner v. Turner, 385 S.W.2d 230,
233 (Tex. 1964). Martha's pleadings did not identify the basis for attorney's fees; however, at
trial she requested attorney's fees from Hill on the basis of the "Civil Practice and Remedies
Code." No part of the civil practice and remedies code, including the receivership provisions,
expressly awards attorney's fees to a prevailing movant in a receivership proceeding.

 In rare cases attorney's fees are allowed to reimburse a petitioning creditor for
services performed by his attorney that benefit other creditors similarly situated. J. B. Farthing
Lumber Co. v. Greenwood, 197 S.W. 313, 315 (Tex. Civ. App.--Galveston 1917, no writ). The
theory supporting such an assessment is that all creditors of a common fund would benefit from
the receivership and therefore must all bear the expense of appointing a receiver. However, even
if that exception applied to this case, it would only authorize the assessment of attorney's fees
against the estate, not against Hill personally. (1)

 Martha cites Bayoud v. Bayoud, 797 S.W.2d 304 (Tex. App.--Dallas 1990, writ
denied), and J. B. Farthing Lumber Co., 197 S.W. at 313, as support for the proposition that Hill
is personally liable for her attorney's fees. However, as she acknowledges, Bayoud was a
shareholder derivative suit and fees were awarded on that basis. 797 S.W.2d at 315. Also, in
J. B. Farthing Lumber Company, the appellate court overturned a trial court's grant of attorney's
fees against the company in receivership. 197 S.W.2d at 315. Neither of the cases cited
authorizes the trial court to award attorney's fee against Hill, individually.

 Martha further cites Archer v. Ross, 262 S.W.2d 213, 217 (Tex. Civ. App.--Fort
Worth 1953, no writ), as support for the proposition that attorney's fees may be assessed against
the party whose wrongful act made the receivership necessary. This argument fails. Archer deals
with costs assessable under Texas Rule of Civil Procedure 131, which includes the receiver's
attorney's fees. Tex. R. Civ. P. 131. Rule 131 does not independently authorize the payment
of attorney's fees incurred in seeking the appointment of a receiver. Henry v. Insurance Co. of
N. Am., 879 S.W.2d 366, 368 (Tex. App.-- Houston [14th Dist.] 1994, no writ); State v. Estate
of Brown, 802 S.W.2d 898, 901 (Tex. App.--San Antonio 1991, no writ).

 Finally, Martha argues that as independent executor, she is entitled to receive from
the estate legal fees incurred in the preservation, safekeeping and management of the estate
pursuant to Texas Probate Code section 242. See Tex. Prob. Code Ann. § 242 (West 1980). 
That may be true, but the estate, which is now in receivership, is not represented on appeal by
either Hill or Martha. (2) We may not reform the judgment to deleteriously affect the estate's
interest in its absence. (3) We sustain point of error one.

 Martha's motion for appointment of receiver also asked that the trial court require
the receiver to pay her monthly sums for her "health, support and maintenance." The amount was
necessary, the motion pleaded, because the administered estate included Martha's interest in the
community estate. See Tex. Prob. Code Ann. § 177(b) (West 1980). The trial court complied
with the request. By point of error two, Hill asserts that the trial court erred in ordering the
payments. We disagree.

 Hill first argues that no legitimate basis exists for the payments to Martha because
there is no evidence that "support" was necessary. It appears that he argues that Martha did not
prove a need for support under Texas Probate Code section 286. See Tex. Prob. Code Ann.
§ 286 (West Supp. 1996). However, Martha did not request support under section 286: her
motion did not refer to that statute, nor did her request attempt to comply with the requirements
of section 286. (4) Martha offers two alternative grounds for the $5,000.00 monthly payment: first,
that the money was repayment for a loan she had made to support the estate, and second, that the
money was an advance against her portion of the community estate.

 A court that has jurisdiction of receivership proceedings is vested with full and
exclusive charge and control of the funds of property involved, as to all matters pertaining to its
administration or management. Murphy v. Argonaut Oil Co., 23 S.W.2d 339, 342 (Tex. Comm.
App. 1930, judgm't adopted); Prince v. Forman, 119 S.W.2d 102, 105 (Tex. Civ. App.--Dallas
1938, writ dism'd). In administering the estate, the court will be governed by the best interests
of all concerned according to the rules of law and equity.

 We will review the court's decision to order payments to Martha under the abuse
of discretion standard. See O & G Carriers, Inc. v. Smith Energy 1986-A Partnership, 826
S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.] 1992, no writ) (evaluating appointment of
receiver under the abuse of discretion standard); Ashmore v. North Dallas Bank & Trust, 804
S.W.2d 156, 160 (Tex. App.--Dallas 1990, no writ) (evaluating probate court's order awarding
custodian's fees for work during receivership under abuse of discretion standard); B.B.M.M., Ltd.
v. Texas Commerce Bank-Chemical, 777 S.W.2d 193, 197 (Tex. App.-- Houston [14th Dist.]
1989, no writ) (evaluating court order appointing receiver, implementing bid process, and
determining receiver's compensation under abuse of discretion standard). The test for abuse of
discretion is whether the trial court acted without reference to any guiding rules or principles or
whether it acted in an arbitrary or unreasonable manner. Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990). Legal and factual sufficiency claims are not independent grounds of error but
are relevant factors in determining whether the court abused its discretion. See Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Crawford v. Hope, 898 S.W.2d 937, 940-41
(Tex. App.--Amarillo 1995, writ denied). Whether there was no evidence is a relevant
consideration in determining if the trial court abused its discretion in issuing the order. Buller,
806 S.W.2d at 226.

 The trial court found that Martha had loaned $549,353.04 to the estate, and had
been repaid a lump sum of $200,000.00 and an undetermined number of $2,000.00 monthly
payments since June of 1993. The court also concluded that the loan was a class 2 claim under
Texas Probate Code section 322 because the money was used for the preservation, safekeeping,
and management of the estate. (5) See Tex. Prob. Code Ann. § 322 (West Supp. 1996). A class 2
claim is entitled to be paid before any other class of claims other than expenses of the last illness
and funeral expenses. Id.

 By the parties' agreement, Hill had been paying Martha $2,000.00 monthly from
the estate to be applied towards the loan. The understanding was that she wanted monthly income
to keep from using her capital and the amount the parties agreed to was based on her monthly
expenses. The parties stipulated at trial that Martha would have testified to the monthly expenses
outlined by her attorney, which totaled $5,885.00 per month. This is sufficient evidence to
support the trial court's award of a $5,000.00 monthly payment.

 Also, the parties agreed that the estate included a large amount of property that
belonged to Martha individually because it was her portion of the community property acquired
over the years. Tex. Prob. Code Ann. § 177(b) (West 1980). Her portion of the community
property, which she owns outright, has been frozen since Wallace's death on June 10, 1993. Her
expert witness testified that the estate included community property worth approximately
$2,371,200.00; the value of Martha's community interest is one-half of that.

 Either the theory of repayment of a class 2 loan or of advance distribution would
justify payments to Martha; and, evidence was presented that Martha's monthly expenses totaled
$5,885.00. We conclude that the trial court was within its discretion in ordering the payments
of $5,000.00 monthly.

 Next, Hill argues that if the payments are justified as repayments of Martha's loan
or as advances against her share of the community estate, her pleadings do not support them. We
disagree. Her pleading, asking for payments for her health, support and maintenance, are not
inconsistent with repayments of her loan to the estate, given the parties' understanding regarding
the $2,000.00 payments; and, given that she requested the sums because her share of the
community estate was in the administered estate, neither is her pleading inconsistent with advances
against her share of the community property.

 Further, Hill did not specially except to the motion on the ground that it did not
state a basis for monthly payments. Pleadings are liberally construed in the absence of special
exceptions. Attorney Gen. of Tex. v. Levan, 833 S.W.2d 952, 954 (Tex. 1992); Roark v. Allen,
633 S.W.2d 804, 809 (Tex. 1982). We conclude that, in this context, the request for payments
for health, support, and maintenance are not too vague to support an award of payments on the
basis of either a repayment of funds or as an advance against Martha's portion of the community
estate. We overrule point of error two.

 We reverse and render judgment that Hill is not liable for Martha's attorney's fees. 
We affirm the trial court order in all other respects.


Before Justices Powers, Aboussie and Kidd

Reversed and Rendered in Part; Affirmed in Part

Filed: February 28, 1996

Do Not Publish

1.   Martha did not prove that the interests of creditors were endangered. Evidence
shows that the estate owes $620,000, plus its debt to Martha, but that the estate was
worth at least $2,371,200. Also, both parties stipulated that the receiver was necessary
because the estate was deadlocked. In this regard, the situation is similar to that in J. B.
Farthing Lumber Co., in which the court noted that the receivership resulted from the "utter
inability" of the two owners to agree on management; that the corporations were solvent; and
that no creditor had ever pressed for payment from the receivership. The Farthing court
overturned the trial court's grant of attorney's fees.
2.   We also note that some portion of the attorney's fees, including those incurred the
day of trial, related solely to Martha's request for a monthly disbursement. Martha must
personally bear the attorney's fees she incurred to receive a personal benefit. 
3.   The order, rendered February 22, 1995, stated that, "It is further ordered that each
of the Parties shall immediately cease and desist from exercising any right, power,
privilege or discretion as independent co-executor of the Estate and to continue to cease
and desist from exercising any such right, power, privilege or discretion pending further
order of this Court."
4.   Section 286 requires that the request for an allowance be made by affidavit before
the court approves the inventory and that the spouse not have separate property adequate
for her support. Tex. Prob. Code Ann. § 286 (West Supp. 1996).
5.   Section 322, although directly applicable only to a dependent administration, applies
to an independent administration as well through Texas Probate Code section 146. Tex.
Prob. Code Ann. § 146 (West Supp. 1996); Bunting v. Pearson, 430 S.W.2d 470, 473 (Tex.
1968).

 Also, the parties agreed that the estate included a large amount of property that
belonged to Martha individually because it was her portion of the community property acquired
over the years. Tex. Prob. Code Ann. § 177(b) (West 1980). Her portion of the community
property, which she owns outright, has been frozen since Wallace's death on June 10, 1993. Her
expert witness testified that the estate included community property worth approximately
$2,371,200.00; the value of Martha's community interest is one-half of that.

 Either the theory of repayment of a class 2 loan or of advance distribution would
justify payments to Martha; and, evidence was presented that Martha's monthly expenses totaled
$5,885.00. We conclude that the trial court was within its discretion in ordering the payments
of $5,000.00 monthly.

 Next, Hill argues that if the payments are justified as repayments of Martha's loan
or as advances against her share of the community estate, her pleadings do not support them. We
disagree. Her pleading, asking for payments for her health, support and maintenance, are not
inconsistent with repayments of her loan to the estate, given the parties' understanding regarding
the $2,000.00 payments; and, given that she requested the sums because her share of the
community estate was in the administered estate, neither is her pleading inconsistent with advances
against her share of the community property.

 Further, Hill did not specially except to the motion on the ground that it did not
state a basis for monthly payments. Pleadings are liberally construed in the absence of special
exceptions. Attorney Gen. of Tex. v. Levan, 833 S.W.2d 952, 954 (Tex. 1992); Roark v. Allen,
633 S.W.2d 804, 809 (Tex. 1982). We conclude that, in this context, the request for payments
for health, support, and maintenance are not too vague to support an award of payments on the
basis of either a repayment of funds or as an advance against Martha's portion of the community
estate. We overrule point of error two.

 We reverse and render judgment that Hill is not liable for Martha's attorney's fees. 
We affirm the trial court order in all other respects.


Before Justices Powers, Aboussie and Kidd

Reversed and Rendered in Part; Affirmed in Part

Filed: February 28, 1996

Do Not Publish

1.   Martha did not prove that the interests of creditors were endangered. Evidence
shows that the estate owes $620,000, plus its debt to Martha, but that the estate was
worth at least $2,371,200. Also, both parties stipulated that the receiver was necessary
because the estate was deadlocked. In this regard, the situation is similar to that in J. B.
Farthing Lumber Co., in which the court noted that the receivership resulted from the "utter
inability" of the two owners to agree on management; that the corporations were solvent; and
that no creditor had ever pressed for payment from the receivership. The Farthing court
overturned the trial court's grant of attorney's fees.
2.   We also note that some portion of the attorney's fees, including those incurred the
day of trial, related solely to Martha's request for a monthly disbursement. Martha must
personally bear the attorney's fees she incurred to receive a personal benefit. 
3.   The order, rendered February 22, 1995, stated that, "It is further ordered that each
of the Parties shall imme